THE PEOPLE, ex rel. ELIZA VOGLER, Landlord, Appellant, *v.* ANDREW WALSH, Police Justice, etc., HORATIO S. STEWART, Tenant, Respondent.

In summary proceedings under the charter of the city of Brooklyn (Chap. 384, Laws of 1854, as amended by chap. 63, Laws of 1862, and chap. 863, Laws of 1873) to recover the possession of land claimed under a tax sale, it is essential to prove, by competent common-law evidence, the service of the notice of sale required by said chapter (Title 5, § 27) to be served before the owner can be divested of his title. The affidavit of such service required to be filed by the charter (Title 5, § 28) is not competent evidence.

*Ex parte* affidavits are evidence of the facts stated in them only when made so by some statute.

(Argued December 13, 1881; decided January 17, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order which affirmed the judgment of Andrew Walsh, police justice of the city of Brooklyn, in summary proceedings instituted by the relator above named, under the charter of said city, to recover possession of lands which the relator claimed under a tax sale. (Mem. of decision below, 22 Hun, 139.)

The said justice dismissed the proceedings and gave judgment in favor of the tenant.

The facts are sufficiently stated in the opinion.

*Charles H. Otis* for appellant. This summary proceeding is authorized by the Brooklyn charters of 1854 and 1873. (Laws of 1854, chap. 384, title 5, § 33, p. 821; Laws of 1873, chap. 863, title 8, § 10, p. 1321.) The intent of this provision of the charter

was to enable a lessee from the city to acquire possession of the leased premises by a simple and expeditious proceeding, and to compel the defaulting owner, or those claiming under him, to assume the affirmative and attack the title of the lessee from the city. (*Brown* v. *Betts*, 13 Wend. 30 ; *Hallenbeck* v. *Garner*, 20 id. 22 ; *Spraker* v. *Cook*, 16 N. Y. 567, 571.) So in this proceeding it was sufficient for the landlord to allege in his affidavit the assessment, warrant, register's lease, demand of possession, and that Stewart's title was the same held by Wooley when assessment was made and was subsequently acquired by Stewart, leaving the tenant to prove any defect in any of the other proceedings required by law to be taken. (*Newell* v. *Wheeler*, 48 N. Y. 486 ; Blackwell on Tax Titles [2d ed.], pp. 75, 76 ; *Jackson* v. *Roberts*, 11 Wend. 422, 433, 434.) The appellant has alleged and proved in this proceeding every fact necessary to the establishment of her title in ejectment, if such preliminary proof were requisite. (Laws of 1862, chap. 63, p. 195, §§ 25, 27, 29 ; Laws of 1854, chap. 384, title 5, pp. 876, 878, §§ 16, 24.) The assessment-roll is a judgment and record, and, being regular upon its face, is conclusive, and cannot be attacked collaterally in this proceeding. (*Sheldon* v. *Van Buskirk*, 2 N. Y. 473, 477 ; *Chegary* v. *Jenkins*, 5 id. 376, 380, 381 ; *Barhyte* v. *Shepherd*, 35 id. 238 ; *Swift* v. *City of Poughkeepsie*, 37 id. 511 ; *The B. & S. L. R. R. Co.* v. *Supervisors of Erie Co.*, 48 id. 93 ; *Western R. R. Co.* v. *Nolan*, id. 518 ; *Hilton* v. *Bender*, 69 id. 75 ; *Matter of Hermance*, 71 id. 481, 488 ; *Peyser* v. *Mayor*, 70 id. 497, 501, 502 ; *Williams* v. *Weaver*, 75 id. 30, 34 ; *Brown* v. *Goodwin*, id. 409, 415 ; Burroughs on Taxation, p. 238 ; *McDermott* v. *Hoffman*, 70 Penn. St. 81, 31, 53, 54 ; *McReynolds* v. *Longenberger*, 57 id. 13, 27 ; *Hett* v. *Gephart*, 65 id. 510.) The affidavit of Vincent proved that a notice, in writing, of the sale had been given to the owner by the tax purchaser, Wheeler. (Laws of 1862, chap. 63, § 29, p. 197 ; Laws of 1854, chap. 384, title 5, § 28, p. 880.) Every act presumed to have been done by a sheriff in the case of an execution sale, such as the delivery of the certificate of sale, the record thereof, the publication of

notice of sale, should also be presumed to have been done by the collector, such as publication of "notice to tax-payers," "list of unpaid taxes," etc. (Herman on Executions, §§ 342, 345; *Jackson* v. *Roberts*, 11 Wend. 422, 433, 434; *Wood* v. *Morehouse*, 45 N. Y. 368, 376; *Brevoort* v. *City of Brooklyn*, 18 Hun, 383, 385.)

*William Sullivan* for respondent. The burden of establishing the validity of the proceedings from the time of the listing of the property to the time of its sale rests on the party claiming title under such a sale. This is so as to the proceedings not appearing on the face of the records as well as to those that do. (*Sharp* v. *Spier*, 4 Hill, 76; *Same* v. *Johnson*, id. 92; *Striker* v. *Kelly*, 2 Denio, 323; *Varick* v. *Tallman*, 2 Barb. 114; *Hill* v. *Draper*, 10 id. 454; *Wheeler* v. *Mills*, 40 id. 644; *Van Rensselaer* v. *Whitbeck*, 7 N. Y. 517; *Adams* v. *S. & W. R. R. Co.*, 10 id. 328; *Chapman* v. *City of Brooklyn*, 40 id. 372; *Newman* v. *Supervisors of Livingston*, 45 id. 676; *Freeman* v. *Hurlbut*, 46 id. 110; *Newell* v. *Wheeler*, 48 id. 486; *Westfall* v. *Preston*, 49 id. 349; *Nat. Bank* v. *City of Elmira*, 53 id. 49; *Marsh* v. *City of Brooklyn*, 59 id. 280; *People, ex rel. Gillies*, v. *Suffern*, 68 id. 321; *Hilton* v. *Bender*, 69 id. 81; *Guest* v. *City of Brooklyn*, id. 506; *Merritt* v. *Village of Portchester*, 71 id. 309; *Matter of N. Y. C. Protectory*, 77 id. 342; *Dederer* v. *Voorhies*, 81 id. 153.) The filing of the affidavit of the service of notice of sale in the collector's office may be sufficient evidence of the service so far as to authorize the collector to give a lease; but it is not, so far as concerns the rights of the owner, legal proof of the fact that he has been served with such notice. (§§ 27, 28, 29, 30, 33, title 5, chap. 384, Laws of 1854, as amended by chap. 63, Laws of 1862.)

Earl, J. This is a summary proceeding under chapter 384 of the Laws of 1854, as amended by chapter 863 of the Laws of 1873, to recover the possession of certain land in the city of Brooklyn claimed by the appellant under a tax sale. Her pro-

ceeding was dismissed by the police justice before whom it was instituted, and his judgment was affirmed at the General Term upon two grounds, one of which was that there was no proof of the service of the notice required by section 27, title 5, chapter 384 of the Laws of 1854, as amended by chapter 63 of the Laws of 1862. That section provides as follows: "No owner whose deed, or in case he holds such property by descent or devise, the deed of his ancestor or devisor shall have been duly recorded in the office of the register of the county of Kings, before the sale thereof for any tax or assessment for benefit, and no mortgagee, lessee or assignee of either, whose mortgage, lease or assignment shall have been so recorded, shall be divested of his rights in such property by reason of such sale, unless six months' notice in writing of such sale shall have been given by the purchaser or those claiming under him to such owner, mortgagee, lessee or assignee personally, if a resident in the county of Kings or a county adjoining thereto; or if such owner, mortgagee or lessee be not such resident, then by depositing such notice in one of the post-offices of said city, directed to the owner, mortgagee, lessee or assignee, at his place of residence as stated in the deed, lease, mortgage or assignment of such mortgage or lease." Section 28 of the same title and chapter provides as follows: "Within a month after the service of such notice, it shall be the duty of the person serving or causing the same to be served, to file in the office of the collector of taxes and assessments of the district, a copy of the notice served, together with the affidavit of some person, who shall be certified by the officer before whom said affidavit shall be taken to be a creditable person, proving the due service of said notice." Section 29 of the same title and chapter, as amended in 1862, provides as follows: "The owner, mortgagee or other person interested in such land, may at any time within two years after the sale thereof for any unpaid tax or assessment for benefit, and before the expiration of the notice mentioned in section twenty-seven of this title, redeem said lands by paying to the collector of taxes and assessments, for the use of the purchaser thereof, or his

assignees, the said purchase-money, together with any subsequent assessment for benefit or tax, which the said purchaser may have paid, chargeable on said land, and which he is hereby authorized to pay, provided a notice of such payment shall have been filed in the office of the collector of taxes and assessments, with interest at the rate of fifteen per cent per annum in addition thereto, and also two dollars for each notice given to any owner, mortgagee or lessee of a longer term than three years, provided due proof of such service shall have been filed in said office. The certificate of such collector, acknowledging the payment and showing what land and on account of what tax or assessment for benefit such payment is intended to redeem, shall be evidence of such redemption. Such redemption shall discharge the land described in said certificate from the lien created by the assessment for benefit or tax in respect of which such sale shall have been made, or by such sale or certificate."

There is nothing in the statutes of 1854 or 1862, or in any other statute, making the affidavit of the service of notice evidence of such service in any court or judicial proceeding. It was required to be made and filed for the purpose of making record evidence sufficiently reliable for all purposes. The tax collector under section 29, above recited, could rely upon it when the owner or other person came to redeem premises from the sale. Section 27 required that the notice should be served before the owner could be divested of his title, and a person claiming the title under a tax sale must show the service of the notice by competent evidence. Upon the trial before the justice the appellant put in evidence a copy of the notice and the affidavit attached thereto, but gave no other evidence or proof of the service. That was not sufficient. The service of the notice should have been proved by competent common-law evidence. So far as I have been able to discover, such has been the rule uniformly applied in analogous cases. (*Starin* v. *The Town of Genoa*, 23 N. Y. 439; *People ex rel. Fiedler* v. *Mead*, 36 id. 224; *Town of Venice* v. *Woodruff*, 62 id. 462; *Cagwin* v. *Town of Hancock*, 84 id. 532.) *Ex parte* affidavits are

evidence in judicial proceedings only as some law has declared them to be evidence, and they are not evidence of any facts stated in them unless some law makes them such. As shown above it is plain that the affidavit required by section 28 can answer a purpose without holding that it is a substitute for common-law evidence of the service of notice, and hence the claim is not well founded that the statute requiring the affidavit is useless unless it is held to furnish evidence of the service in any and all judicial proceedings. This construction can ordinarily lead to no great inconvenience because the person making the service of notice can be called as a witness, and the proof of service, if desirable, could be perpetuated under the laws relating to perpetuating evidence; and if the affidavit ought to be either conclusive or *prima facie* evidence of the service of notice, the legislature can be appealed to so to declare.

Therefore, without examining several other interesting points contained in the briefs submitted to us, we are of opinion that the judgment below may rest upon the ground discussed, and upon that ground alone the judgment should be affirmed.

All concur, except ANDREWS, Ch. J., not voting.

Judgment affirmed.