THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH H. LADEW, Appellant.

1. TAX — SALE OF LANDS FOR UNPAID TAXES — NOTICE TO REDEEM MUST BE SERVED ON OCCUPANT HOLDING TITLE BY ADVERSE POSSESSION. An actual occupant of lands sold for unpaid taxes under the provisions of the statutes relating thereto (L. 1855, ch. 427, and acts amendatory thereof) is entitled to be served with the notice prescribed by section 68 of the statute, requiring him to redeem the lands within the time and in the manner therein specified, notwithstanding the fact that the occupant holds title to such lands by adverse possession against the original owner thereof; the record of the tax deeds without evidence that service of the notice had been duly made upon the occupant of the lands is absolutely void, and the purchaser claiming thereunder cannot maintain an action of ejectment against the occupant holding the lands under claim of title by adverse possession.

2. SAME — "CURATIVE ACTS" — DO NOT APPLY WHEN NOTICE TO REDEEM HAS NOT BEEN SERVED ON OCCUPANT. The so-called "curative acts" (L. 1855, ch. 427, § 65, as amd. by L. 1885, ch. 448, and L. 1896, ch. 908, § 132), providing that a conveyance executed by the comptroller which has for two years been recorded in the office of the clerk of the county in which the lands conveyed thereby are located shall be conclusive evidence that the sale and proceedings prior thereto and all notice required to be given to the expiration of the time allowed for redemption were regular and regularly given, published and served, have no application to such a case. Even if this provision is given the broadest possible effect it cannot apply to a record wholly void.

*People* v. *Ladew*, 108 App. Div. 356, reversed.

(Argued June 7, 1907; decided October 29, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered

November 25, 1905, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Theodore H. Lord, Joseph H. Choate* and *George N. Ostrander* for appellant. The defendant's interest in Murray or Osprey island, affected by the plaintiff's tax deeds, is such that he can defend his title by establishing the invalidity of such deeds. (*Deering* v. *Reilly*, 167 N. Y. 184; *Jarvis* v. *Lynch*, 157 N. Y. 445; *Satterlee* v. *Kobbe*, 173 N. Y. 91; *People ex rel. Chase* v. *Wemple*, 144 N. Y. 478; 2 R. S. 389, § 2; *Jackson* v. *Esty*, 7 Wend. 148; *B. S. L. R. R. Co.* v. *Board of Suprs.*, 48 N. Y. 95; *People ex rel. Barnard* v. *Wemple*, 117 N. Y. 77; *Joslyn* v. *Rockwell*, 128 N. Y. 324; *Jackson* v. *Diefendorf*, 3 Johns. 269.) The defendant in this action may defend his title against any title claimed under such tax deeds if, for any reason, such deeds are invalid. (*Lockwood* v. *Gehlert*, 127 N. Y. 241; L. 1882, ch. 410, § 946.) The statutes making a comptroller's tax deed evidence of certain facts have no application in the case at bar. (*Joslyn* v. *Rockwell*, 128 N. Y. 334.) Plaintiff failed to complete a title under the tax deeds from the comptroller. (*Comstock* v. *Beardsley*, 15 Wend. 348; *Bush* v. *Davidson*, 16 Wend. 550; *Leland* v. *Bennett*, 5 Hill, 286; *Hand* v. *Ballou*, 12 N. Y. 542; *Lucas* v. *McEnerna*, 19 Hun, 14; *Harrison* v. *Caswell*, 17 App. Div. 252; *Lewis* v. *N. Y. & H. R. R. Co.*, 162 N. Y. 202; *Lockwood Case*, 127 N. Y. 241; *Joslyn* v. *Rockwell*, 128 N. Y. 334.) The several tax sales, and each of them under which plaintiff claims to have acquired title to the land in controversy, were illegal and void when made. (*Nat. F. Ins. Co.* v. *McKay*, 5 Abb. Pr. [N. S.] 445; *Thompson* v. *Burhans*, 61 N. Y. 52; *Turner* v. *Boyce*, 11 Misc. Rep. 502; *Marsh* v. *Park Assn.*, 18 Misc. Rep. 314; 25 App. Div. 34; *Westfall* v. *Preston*, 49 N. Y. 349; *Smith* v. *Mosher*, 31 N. Y. S. R. 235; *Bradley* v. *Ward*, 58 N. Y. 401; *People ex rel. Gillies* v. *Suffern,*

68 N. Y. 321; *Brevoort* v. *Brooklyn*, 89 N. Y. 128; *Shattuck* v. *Bascom*, 105 N. Y. 39.) The tax sales in question have not been cured nor has defendant's right to show their illegality been barred or taken away by either chapter 448 of the Laws of 1885, chapter 711 of the Laws of 1893, or chapter 908 of the Laws of 1896. (*Wallace* v. *McEchron*, 176 N. Y. 424; *Sanders* v. *Saxton*, 89 App. Div. 422; *Ensign* v. *Barse*, 107 N. Y. 329; *People* v. *Turner*, 117 N. Y. 227; *Joslyn* v. *Rockwell*, 128 N. Y. 334; *People* v. *Turner*, 145 N. Y. 451; *Turner* v. *Boyce*, 11 Misc. Rep. 502; *Marsh* v. *N. P. Assn.*, 18 Misc. Rep. 314; 25 App. Div. 34; *Stuart* v. *Palmer*, 74 N. Y. 183.)

*Clarence W. McKay* for respondent. The defendant was a mere stranger upon the lands, claiming no interest derived from or through the true owner, but adversely thereto, and he is in no position to attack the validity of the plaintiff's tax title. (*R. Church* v. *Schoolcraft*, 65 N. Y. 134; *Scallon* v. *M. Ry. Co.*, 185 N. Y. 359; *Deering* v. *Reilly*, 167 N. Y. 184; *O'Donnell* v. *McIntyre*, 118 N. Y. 156; *Shriver* v. *Shriver*, 86 N. Y. 575; *Andrews* v. *Wheeler*, 18 Misc. Rep. 646; *Stevens* v. *Hauser*, 39 N. Y. 302; *People* v. *Campbell*, 143 N. Y. 335; *Willey* v. *Greenfield*, 64 App. Div. 220; *People* v. *Francisco*, 76 App. Div. 262.) Any defects in the assessment of the taxes and in the sales for the collection thereof are cured by the several acts of the legislature confirming tax titles. (*Marsh* v. *N. P. Assn.*, 25 App. Div. 34; *Ostrander* v. *Darling*, 127 N. Y. 70; *People* v. *Turner*, 117 N. Y. 227; *People* v. *Turner*, 145 N. Y. 451; *Meigs* v. *Roberts*, 162 N. Y. 371; *N. P. Assn.* v. *Lloyd*, 167 N. Y. 431; *Turner* v. *New York*, 168 U. S. 90; *S. L. Co.* v. *Comptroller of N. Y.*, 177 U. S. 318; *Wallace* v. *McEchron*, 176 N. Y. 424; *People* v. *Chapin*, 105 N. Y. 309.) The owner cannot complain of the failure to serve notice of redemption upon a mere trespasser; or upon one not having the exclusive possession of the premises. (*People ex rel. Marsh* v. *Campbell*, 143 N. Y. 335; L. 1893, ch. 711, § 14.)

Willard Bartlett, J.   This is an action of ejectment, or in the language of the Code of Civil Procedure, an action to recover real property.   The property in controversy is an island about fifteen acres in extent known as Osprey island, situated in Raquette lake in the Adirondack region. It is also known as Murray island, having been the camping place of the Rev. W. H. H. Murray, sometimes called Adirondack Murray.   The plaintiff's title is based on three tax deeds dated in 1875, 1881 and 1884, and respectively recorded in 1877, 1882 and 1887.   Each of these deeds was made by the state  comptroller for the time being, and purports to have been given as the result of a tax sale  duly made under chapter 427 of the Laws of 1855 and the acts amending the same.   That statute provided and the tax laws ever since have provided for the service of a written notice on the person occupying land thus sold for taxes, by the grantee or any person claiming under him, that the conveyances would become absolute within a specified time (then six months, now one year) unless the consideration money together with a statutory percentage thereon should be paid into the treasury for the benefit of the grantee.   It also expressly authorized the occupant or any other person, at any time within the period mentioned in such notice, to redeem the land by making the prescribed payment; and it further in terms provided that "no conveyance made in pursuance of this section (namely, section 68) shall be recorded until·the expiration of such notice and the evidence of the service of such notice shall be ́ recorded with such conveyance."   It should be noted here that the referee expressly finds that no notice of the tax sales made by the comptroller in 1871, 1877 and 1881 was served upon the occupant of Osprey or Murray island, and that the deeds issued to the plaintiff upon the said sales were recorded without evidence of the service of such notice.

The defendant proved title to the island in question by adverse possession against the original owner.   One Alva Dunning entered upon the island in 1869, and actually occu-

pied it under claim of title continuously until he transferred it to Charles W. Durant by a deed dated December 22, 1881. Durant remained in possession until he conveyed the premises to the defendant Joseph H. Ladew by a deed dated May 11, 1891, at which time the defendant entered into possession, and he has ever since actually occupied the island.    The referee held in substance that the defendant had established a title by adverse possession as against the original owner, but that nevertheless the plaintiff was entitled to succeed by virtue of the tax deeds.    He conceded that the title of the plaintiff based upon these deeds was subject to jurisdictional defects which would invalidate it if the defendant was in a position to raise the question.    He took the position, however, that the defendant was a mere stranger claiming no interest derived from the purchaser at the tax sale or from the original owner; and he deemed his interest as an actual occupant of the land claiming title thereto at the time of the tax sales insufficient to give him any right to question the title asserted by the state or to question the sufficiency of the tax title by reason of the failure to give the notice to redeem which the statute required to be served upon an occupant of the lands.

In my opinion this view is incorrect.    At the time when the first tax deed was placed on record Dunning was the actual occupant of the island and at the times when the two later deeds were recorded Durant was an actual occupant. Unless the requirement of the statute is to be wholly ignored, Dunning was entitled to be served with a notice to redeem from the first sale and Durant was entitled to be served with a notice to redeem from the two later sales.    Furthermore, evidence of the service of such notice was expressly required to be recorded with the conveyances under the tax sale and the statute expressly prohibited the recording of the conveyances until the expiration of such notice.    Therefore, in the case of occupied land, such as this was, the record, without evidence of service of the notice, was absolutely void.    Hence it seems to me that the tax deeds from the comptroller are to

be regarded as though they had not been placed upon the record books at all.

The so-called curative acts (Laws of 1885, chapter 448, Laws of 1896, chapter 908) did not help the plaintiff out of this difficulty.   Section 132 of the statute last cited, which is substantially a re-enactment of the acts of 1885, does provide that a conveyance executed by the comptroller which has for two years been recorded in the office of the clerk of the county in which the lands conveyed thereby are located shall be conclusive evidence that the sale and proceedings prior thereto and all notice required to be given to the expiration of the time allowed for redemption were regular and regularly given, published and served.   Even if we give to this provision the broadest possible effect it plainly cannot apply to a record which was wholly void.

In *Meigs* v. *Roberts* (162 N. Y. 371) it was held that the act of 1885 making the comptroller's conveyance upon a tax sale conclusive evidence of the regularity of the proceedings was primarily and essentially a statute of limitations although in some aspects a curative statute.   That was a suit in ejectment against the state comptroller who had been in possession of the lands in controversy for two years prior to the commencement of the action.   The plaintiff did not prove any actual possession in himself or in his grantors ; and it was held that his right to maintain the suit was barred after the expiration of two years from the time of the comptroller's notice that the state had resumed possession of the lands.   In that case Judge CULLEN, writing for the court, declared that it was questionable whether as to an owner in actual possession of land the record of a hostile conveyance in the clerk's office was sufficient to set a statute of limitations running against him so as to destroy his title.   The same doubt was expressed by Judge PECKHAM in *Joslyn* v. *Rockwell* (128 N. Y. 334) in language which conveys the impression that if the learned judge had been required then to solve that doubt he would have held that the conveyance was ineffective.   It is not necessary, however, to decide this question in disposing of the

present appeal, if I am correct in the view which I have expressed to the effect that the record of the tax deeds upon which the plaintiff relies in the present case was a nullity.

In his oral argument counsel for the respondent placed considerable reliance upon the case of *People* v. *Turner* (second appeal, 145 N. Y. 451) in which Judge Gray wrote for a unanimous court. The only part of the opinion which seems to me to have any bearing upon the present controversy is on page 461 where Judge Gray deals with the final point of the appellant that there was an actual occupancy of part of the lands and as no notice was served on the occupant no title was acquired under the same. Judge Gray disposed of this objection by showing that the finding of the referee before whom the case was tried really negatived any such actual occupancy of the lands as required service of a notice to redeem under the statute. This in no wise conflicts with the view which I have taken as to the proper disposition of the case at bar.

For the foregoing reasons I advise a reversal of the judgment and that a new trial be granted, costs to abide event.

Cullen, Ch. J., Gray, Edward T. Bartlett, Vann and Hiscock, JJ., concur; Haight, J., absent.

Judgment reversed, etc.