(63 Misc. Rep. 354.)

In re ROURKE.

In re MONTGOMERY ST.

(Supreme Court, Special Term, Kings County. May, 1909.)

1. TAXATION (§ 659*)—TAX SALES—NECESSITY OF NOTICE ON OCCUPANT.
    Where a sale for taxes on occupied land was made in 1885 without service on the occupant of the notice required by Laws 1855, p. 794, c. 427, § 68, the record of a comptroller's deed to such land was a nullity, though the occupation was not under claim of title.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 659.*]

2. TAXATION (§ 805*)—TAX TITLES—LIMITATIONS.
    Where the record of a tax deed of occupied lands was an absolute nullity, Laws 1896, p. 842, c. 908, § 132, limiting an action against a grantee in a tax deed, whose conveyance had been recorded, to two years, did not apply.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1594, 1595; Dec. Dig. § 805.*]

In the matter of the application of Lillian V. Rourke to confirm report of referee. Modified and affirmed.

Stephen M. Hoye, for claimant Rourke.

Matthew J. Wheelehan, for claimant Malone.

CARR, J. So far as I can understand the briefs of counsel and the report of the referee, the controversy between the claimants Rourke and Malone, so far as they are in controversy, has been determined by the learned referee in favor of the claimant Rourke on the basis of a tax deed from the State Comptroller, dated November 2, 1888, and recorded July 17, 1890. This deed was given in pursuance of a sale for unpaid taxes in December, 1885, against certain lands in the former town of Flatbush, in the county of Kings, pursuant to the provisions of chapter 427, p. 781, of the Laws of 1855. At the time of the sale, as well as at the time of the conveyance by the State Comptroller, the land in dispute was occupied by one Sullivan, who appears to have been but a mere squatter.

Section 68 of the act of 1855 provided that, if at the time of the conveyance by the State Comptroller the land so sold should be "in the actual occupancy of any person," a written notice should be served by the grantee or his successor in interest "on the person occupying such land, within two years from the expiration of said time to redeem, stating in substance the sale and conveyance, the person to whom made," and various other details, and requiring certain defined payments to be made within six months under penalty that the deed should become absolute, "and the occupant and all other persons in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terested in the land be forever barred from all right or title thereto, and no conveyance made in pursuance of this section shall be recorded until the expiration of such notice and the evidence of the service of such notice shall be recorded with such conveyance."

No evidence of the service of such notice was recorded with the conveyance in question, and the actual record of the conveyance is an absolute nullity. People v. Ladew, 189 N. Y. 355, 82 N. E. 431; People v. Wemple, 144 N. Y. 478, 39 N. E. 397. Under it the grantee acquired no absolute title and had none to convey.

The fact that the occupant was not in possession under a claim of title was immaterial, and the defect arising from the failure to give such notice inured to the benefit of any person interested in the land. Lucas v. McEnerna, 19 Hun, 14.

The grantee of the Comptroller found the land occupied at the time of her conveyance, and appears to have done nothing further than to inform the occupant not to pay rent to any person, and to remain in occupation until told to get off. I think that such conduct on her part, through her husband, acting as her agent, did not make her an occupant of the property or convert the actual occupant into her tenant at will, and in no way dispensed with her duty to give notice requiring the occupant to redeem. Hence, under the decision of the Court of Appeals in the Ladew Case, supra, the statute of limitations thereafter enacted in favor of the grantee whose conveyance had been recorded for two years (Laws 1896, p. 842, c. 908, § 132) never began to run, as the record of the conveyance from the State Comptroller was an absolute nullity.

There is no conflict between the Ladew Case and Meigs v. Roberts, 162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322, as in that earlier case the land was wild land, with no occupant, and section 68 of the Laws of 1855 did not apply.

I am constrained therefore to reject the findings of the learned referee that the claimant Rourke has shown title to that part of the land which is in dispute between her and Malone. The claim that Rourke acquired title by adverse possession, as to which the referee's report is silent, has no substantial basis. The city took title to the land in 1902, and if the original grantee acquired possession after the deed from the Comptroller, in 1888, the 20-year period of limitation had not run.

The report of the referee should be so modified as to deduct from the amount found payable to the claimant Rourke the sum of $682.61, which is the proportionate amount applicable for the land in dispute between Rourke and Malone, and this sum should be made payable to Malone. The expenses of the referee should be divided between the respective claimants. Submit order accordingly, which should be settled on notice.

Ordered accordingly,