B. ALTMAN & Co., Appellant, *v.* MORRIS ROSENFELD, Respondent.

(Supreme Court, Appellate Term, First Department, January, 1917.)

Goods sold and delivered — action to recover for — agency — evidence.

Where defendant, a coat manufacturer, told his wife to go to plaintiff's store and buy a coat for their daughter, saying he thought she could for fifteen or twenty-five dollars buy a nice coat, better than the coats he made, he is liable for a coat sold for $135, as, while she may have gone beyond his expectations, she did not exceed her express authority.

SHEARN, J., dissents.

APPEAL by plaintiff from judgment of the Municipal court of the city of New York, borough of Manhattan, ninth district, dismissing complaint.

Churchill, Marlow & Hines (Raymond B. Fenner, of counsel), for appellant.

Charles Eno, for respondent.

GUY, J.  The action is to recover for goods sold and delivered.  Defendant's wife, accompanied by her grown-up daughter, went to the plaintiff's store for the purpose of purchasing a coat as a birthday gift for the daughter, and, after examining several different styles at varying prices, finally selected a coat, the price of which was $135, and she agreed to pay that sum for the garment.  The wife having furnished identification, one of defendant's employees asked her if the coat was subject to approval, and she replied: " No, it is my daughter's birthday, and her father has said she can have anything she wants for her birthday.

She wants a coat; so she can have it.'' At the mother's request the coat was charged to defendant, and she was allowed to take it away at about twelve o'clock. After five o'clock on the same day the coat was returned to the plaintiff; the latter would not accept it, and the boy who brought it took it away again. Several times during the week it was brought back to the store and returned to defendant, until finally defendant's wife came to the store with the garment, passed some remark about having a dispute or argument with him over the price, cried a little bit and went out, leaving the coat after her.

Defendant is a manufacturer of ladies' and misses' coats; he knew that his wife had about two years prior to the purchase opened an account with the plaintiff, but no account was opened in his name. When the wife opened the account defendant furnished plaintiff with a statement on his letterhead showing that his net assets were $88,000 and that he owned the house he lived in. He admitted that he told his wife to go to the plaintiff's to buy a coat for the daughter, and said that he thought she could buy a nice coat, better than the coats he made, for fifteen or twenty-five dollars.

At the close of the plaintiff's case the trial judge dismissed the complaint on the authority of *Wanamaker* v. *Weaver,* 176 N. Y. 77, stating that there was no reasonable necessity for the expenditure and that consequently the defendant could not be held in the absence of proof of actual authority outside of the authority that the law infers from the marital relation.

The facts in the *Wanamaker* case are materially different from those in the one under consideration. There liability for necessaries was sought to be enforced against the husband on the theory of agency implied from the marital relation. Here on the contrary the evidence is sufficient to establish *prima facie*

an express agency in the wife to purchase the article in question without limitation as to price, the alleged limitation being merely an expression of opinion as to the probable cost. While the wife in purchasing a coat for $135 may have gone beyond the defendant's expectations, she did not exceed her express authority.

It follows that the judgment must be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

BIJUR, J., concurs.

SHEARN, J. (dissenting). I dissent. I do not understand how a husband's authorization to his wife to purchase a coat for his daughter "for about fifteen or twenty-five dollars" can be stretched into an express authorization to purchase a coat for $135. How was this "express authorization" actually expressed? Solely by what was said by the defendant, a manufacturer of ladies' and misses' coats, to his wife. Concededly all that he said was that his wife might go to a department store and buy her daughter a coat and that: "I think you can buy a nice coat for about fifteen or twenty-five dollars. You can buy a nice coat." Although it is possible to construe this very ordinary and plain statement into an "opinion," expert otherwise, that a "nice coat" could be purchased for about fifteen or twenty-five dollars, it seems to me that the statement would be commonly understood as meaning that the defendant was willing to pay as much as about twenty-five dollars for the coat and expressly authorized his wife to purchase one at about that price. If a willingness to pay about twenty-five dollars for a garment is an express authorization to pay $135, it would as a matter of law constitute equally well an express authorization

to pay any amount for it. Had the wife brought home a sable coat for the daughter's birthday present, the defendant could not have returned it, no matter how promptly he acted, but would have been obliged, under the principle of the decision in this case, to have paid for it although the price were twenty times the amount here involved, for the sable would be none the less a " nice coat."

Judgment reversed and new trial ordered, with costs to appellant to abide event.