CITY OF NEW YORK, Plaintiff, *v.* WILLIAM H. NUNEZ, ELIZABETH POLLOCK, WILLIAM POLLOCK, WILLIAM HENNESSY, CHARLES BROWN, ANNA SCHAEFFER, FREDERICK BLANK, and "MARY" BLANK, his Wife, the said name "Mary" Being Fictitious, the First True or Given Name of said Defendant Being Unknown to the Plaintiff, Defendants.

(Supreme Court, Kings Trial Term, October, 1917.)

Ejectment — action of — perfecting title under tax sale — deeds — evidence — taxes — Tax Law, § 132.

Where in an action of ejectment the dispute relates only to a particular portion of the property described in the complaint, to which defendant claims title through a state tax sale held in 1895 at which time the property was sold to the people of the state, and it appears that thereafter it was conveyed to one who in turn deeded it to another of whom the defendant was the sole heir, and the uncontradicted proof shows that in the month of December in the years 1896 and 1897 the property

was occupied by several persons, but that the statutory notice to redeem within six months was served only on one of them, the title under the tax sale was not perfected and the limitation in section 132 of the Tax Law does not apply.

The comptroller's deed of lands sold for unpaid taxes is not conclusive as to the service of all notices required to be given relating to the sale of such lands, nor is his certificate conclusive as to the service of the statutory notice to redeem upon the occupant of said lands.

ACTION of ejectment.

Lamar Hardy, corporation counsel (John B. Shanahan and Thomas F. Magner, of counsel), for plaintiff.

Arthur C. Good (Francis J. Byrne, of counsel), for defendant Nunez.

Charles J. Ryan, for defendants William and Elizabeth Pollock.

CROPSEY, J. This is an action of ejectment. At the commencement of the trial the parties stipulated that if there was any question of fact in the case it was merely whether the premises in question were occupied in December, 1896, and in December, 1897, by any person other than J. Henry. After all the evidence was in the uncontradicted proof showed that there were other occupants than J. Henry at the times in question and the court thereupon directed the jury to answer the questions which had been agreed upon, in accordance with the proof. The decision on the questions of law was reserved.

Plaintiff proved its title through grants from the governors of the colony of New York. The property is part of the common lands of the former town of Gravesend which originally were under the management and control of trustees appointed pursuant to

chapter 92, Laws of 1880. Upon the annexation of Gravesend to the former city of Brooklyn, title to this property passed to the latter (Laws of 1894, chap. 449, § 3), and by the creation of the Greater City of New York passed to the plaintiff. The dispute in the title relates only to the southerly 110 feet of the piece described in the complaint. The defendant Nunez claims title to this through a tax sale held in 1895 at which the property was sold to the People of the State of New York. Later and in 1901 the state deeded it to Charles C. Overton and during the same year he deeded it to Elizabeth Nunez of whom the defendant Nunez is the sole heir.

The question of law that is raised involves the effect of the certificate of the state comptroller certifying that a notice to redeem had been served on the occupant of the property in question and whether the bringing of this action is barred by the limitations imposed by the Tax Law.

The statute requires that if the property sold is occupied a notice must be served upon the occupant notifying him of the sale and requiring him to redeem within six months. There is no proof that such a notice was served on any one except as that may be shown by an affidavit filed in the state comptroller's office stating that it was served on J. Henry. The uncontradicted proof shows, as has been stated, that there were other occupants than J. Henry at the time in question and there is no claim that any notice was served on them. Service of the notice on all the occupants is essential. *People* v. *Ladew,* 189 N. Y. 355–359; *Ostrander* v. *Reis,* 206 id. 448. If the notice is not served the title is not perfected, and the limitation in section 132 of the Tax Law of 1896 (Chap. 908) does not apply. *Matter of Rourke,* 63 Misc. Rep. 354; affd., 139 App. Div. 155; affd., 202 N. Y. 604; *Cary* v. *Given,*

144 App. Div. 221–224. All the occupants must be served, that is, every one who has lawfully entered upon any part of the lands and is in possession of the same to the exclusion of every other person. Laws of 1896, chap. 908, § 134.

The defendants' claim that the comptroller's deed is conclusive as to the service of all notices required to be given is not supported either by the statute or the authorities. Within one year after the last day of the sale the property may be redeemed. Tax Law of 1896, § 127. The deed cannot be executed by the comptroller until after the expiration of that year. § 131. After the deed shall have been recorded for two years after the expiration of the year allowed for redemption it " shall be conclusive evidence that the sale and proceedings prior thereto * * * and all notices required by law to be given previous to the expiration of the time allowed for redemption, were regular and were regularly given, published and served according to the provisions of all laws." § 132. This section plainly has no reference to the additional period allowed for redemption when the property sold is occupied. The period of redemption referred to is the one-year period that immediately follows the sale. The following section of the act providing for the giving of notice to occupants refers to the year following the sale as the period for redemption and requires the notice to occupants to be given after that year has expired and within the following year. § 134. This section further provides that the notice to occupants is not to be given until after the comptroller's deed has been delivered. Hence the fact that the deed had been recorded for two years could not be conclusive evidence of the service of any notices which the law required should be given after the deed was delivered. *Caulkins* v. *Chamberlain*, 37 Hun, 163–165.

Nor is the certificate of the comptroller as to the service of the notice upon the occupant conclusive. Section 135 provides that within one month after the service of such a notice the grantee in order to complete his title shall file with the comptroller a copy of the notice, with the affidavit of a person, certified as credible, that the notice was duly served. "If the comptroller shall be satisfied that the proper notice has been duly served, and if the moneys required for the redemption of such land shall not have been paid within the six months, he shall under his hand and official seal, certify such facts, and the conveyance before made shall thereupon become absolute and the occupant and all others interested in such lands shall be forever barred from all right and title thereto." Where the property is occupied the deed cannot be recorded until the notice to the occupant has been given and the six months' period within which he is permitted to redeem has expired. § 134. The provision quoted from section 135 means that the deed becomes absolute only after the notice has in fact been given and the other requirements of the statute complied with.

Under defendants' contention the actual service of the notice is unnecessary so long as the comptroller certified that it had been served. There is nothing in the statute to justify such a construction. The actual service of the notice is essential. The certificate of the comptroller is also necessary but it does not dispense with the service. The statute does not make the certificate of the comptroller even *prima facie* evidence of the service of the notice. The legislature could have so provided but it did not. The requirement that the affidavit of service shall be filed does not make it competent evidence of the fact of the service. *People ex rel. Vogler* v. *Walsh,* 87 N. Y. 481–484, 485. Unless in

fact the notice was given the certificate of the comtroller serves no purpose. No act of misconduct by a public official can prevent the redemption of property from a tax sale. *Van Benthuysen* v. *Sawyer*, 36 N. Y. 150; *People ex rel. Cooper* v. *Registrar of Arrears*, 114 id. 19; *Wallace* v. *McEchron*, 176 id. 424–427. To give the certificate of the comptroller effect as a finality, regardless of whether the prescribed notice had been given, would be to deprive the occupant of any rights he might have in the property without due process of law. "Every requisite of the statute, strictly construed, having a semblance of benefit to the owner, must be complied with, if not strictly, at least substantially." *People ex rel. National Park Bank* v. *Metz*, 141 App. Div. 604. The comptroller's certificate is certainly not conclusive proof of the service even if it is any proof of it. *Caulkins* v. *Chamberlain*, 37 Hun, 163; *Hennessey* v. *Volkening*, 30 Abb. N. C. 100, 114–119.

In the instant case the uncontradicted proof shows that there were several occupants of different parts of the property. So even if the notice was served on J. Henry the statute was not complied with for the service upon the other occupants was equally essential. These views are not in conflict with *Halsted* v. *Silberstein*, 196 N. Y. 1. The court evidently did not consider the comptroller's certificate conclusive (p. 9). The trial court there found that the notice had been in fact served upon the only occupant and that finding had been unanimously affirmed by the Appellate Division.

Even if the affidavit of service filed with the comptroller is good as proof of the service it cannot be of any effect to show that the affiant could not ascertain that there were any other occupants. The statute does not require such a statement to be contained in

the affidavit. That statement is not the statement of a fact. Nor does it disclose the source of the affiant's information.

In view of the decision that has been reached it is unnecessary to consider whether the act would be constitutional if it made the comptroller's certificate conclusive proof of the service.

The plaintiff raises some other questions which it is deemed unnecessary to consider. It may be noted, however, in passing that the plaintiff's claim that the deeds from the state to Overton and from Overton to Nunez are champertous under section 225 of the Real Property Law of 1896 is not answered by the case of *People* v. *Turner,* 145 N. Y. 451–461. The statute involved in that case was the Forest Preserve Act (Laws of 1885, chap. 283), and under its provisions the possession of the state was deemed to be actual. That act, however, applies only to lands in certain specified counties and does not affect lands in the county of Kings.

Nor do the provisions of section 133 of the Tax Law of 1896 answer the plaintiff's contention. They relate only to " wild, vacant and forest lands to which the state holds title " and which after the prescribed advertising are deemed to be " in the actual possession of the comptroller."

The plaintiff is entitled to judgment. If there is any difference of opinion as to whether the verdict of the jury directed by the court shall be deemed a general or a special verdict or whether findings should be made the question can be presented on the settlement of the papers, notice of which should be given.

Judgment accordingly.