THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE H. CARLIN, Appellant.

Third Department, March 11, 1920.

Execution — judgment in ejectment from premises in Forest Preserve — when leave to issue execution after lapse of five years should be denied.

The policy of the law, as indicated by sections 1375 and 1377 of the Code of Civil Procedure, is that a party who has a judgment and wishes to enforce it by the summary process of the court, should do so promptly, and if he

sleeps on his rights for five years, time and its changes cast a certain doubt upon the judgment, or at least upon the right to its summary enforcement, and he shall not have the execution of the court unless, upon facts found, the court is satisfied that the judgment has not been paid and that no other reason exists why it should not be summarily enforced.

The State should not be given leave to issue execution on a judgment in ejectment which was recovered in 1904 where it is quite probable under the decisions of the courts since the judgment was recovered, and perhaps judicially determined, that the deed under which the plaintiff claims title is void, or if not void a fair inference might arise that the premises occupied by the defendant are embraced within the reservations mentioned in the deed.

The defendant did not so recognize the title in the State by giving a bond to remove by a certain day or pay a stipulated sum shortly after the judgment was recovered, that he is precluded from setting up any defense which he may have acquired since the original judgment.

By the plaintiff's inaction for many years a doubt has been thrown upon the judgment, and as the defendant contends that the plaintiff's delays have invited certain acts on his part which show that the plaintiff has no right to the property, the question cannot be summarily disposed of on motion for leave to issue execution, but the defendant, asserting a substantial right in the property acquired since the judgment, is entitled to a trial.

A motion for leave to issue an execution on a judgment in ejectment recovered nearly twenty years before should not be granted where the defendant raises a fair question as to whether he has a defense to the enforcement of the judgment; he is not called on to establish a defense.

COCHRANE, J., dissents.

APPEAL by the defendant, George H. Carlin, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Hamilton on the 4th day of August, 1919, giving the plaintiff leave to issue execution on a judgment recovered in ejectment in this action, which judgment was entered in the office of the clerk of the county of Hamilton on the 15th day of June, 1904.

Appeal by the defendant, George H. Carlin, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Hamilton on the 4th day of August, 1919, denying defendant's motion for a reargument of the motion for leave to issue execution.

*Snyder, Cristman & Earl* [*Charles E. Snyder* and *David E. Snyder* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*William T. Moore, Deputy Attorney-General,* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The plaintiff has felt it necessary, or at least advisable, to ask leave to issue execution. The motion should be seriously considered and, if plaintiff is not entitled to the order of the court for any reason, the order appealed from should be reversed and the parties relegated to their legal rights. The granting of the order, upon the facts shown, even if unnecessary, may prejudice the defendant. Each suitor is entitled to a fair field, unincumbered by unnecessary court orders.

The policy of the law, as indicated by sections 1375 and 1377 of the Code of Civil Procedure, is that a party who has a judgment and wishes to enforce it by the summary process of the court, should do so promptly, and if he sleeps upon his rights for five years, time and its changes cast a certain doubt upon the judgment, or at least upon the right to its summary enforcement, and that he shall not have the execution of the court unless, upon facts found, the court is satisfied that the judgment has not been paid and that no other reason exists why it should not be summarily enforced.

Judgment was recovered June 15, 1904, for ejectment from premises in the Forest Preserve. From decisions of the courts since the recovery of the judgment, it is quite probable, perhaps judicially determined, that the deed under which the plaintiff claims title is void, or if not void, a fair inference might arise that the premises occupied by the defendant are embraced within the reservations mentioned in the deed. (*People* v. *Inman*, 197 N. Y. 200; *People* v. *Hasbrouck*, 131 App. Div. 918; *People* v. *Ladew*, 189 N. Y. 355.) At least the plaintiff, in its dealings with the defendant, has difficulty in claiming that the defendant is doing it any moral wrong. The plaintiff's position approaches one where, by the technicalities of the law, a judgment deprives the defendant of rights which otherwise he was at liberty to enjoy. If the question were now an open one, undoubtedly the defendant could freely litigate its right to the property, assail the plaintiff's deed and quite probably retain the whole or an interest in the property which he has used for years, with his valuable improvements thereon. But the judgment must stand as settling the strict legal rights of the parties at the time it was rendered. The fact that it probably is based upon an erroneous view of the law and the facts is

only important as bearing upon the question of how far the defendant is a wrongdoer and how far he is entitled to the consideration of the court upon facts shown since the judgment was recovered. The State, in dealing in a business way with its citizens, should act with the utmost good faith, and the citizen may expect at least as good treatment from the State as he would expect from any person or other litigant. Evidently the State authorities felt, when judgment was recovered, that for some reason the defendant should not be deprived of his home and the valuable improvements he had put upon the property. An execution was duly issued upon the judgment, within the five years, but in substance, after the costs were paid, the execution was withdrawn. The defendant gave to the State a bond, to the effect that unless he removed from the premises on or before May 1, 1906, a few days thereafter, he and his surety would pay to the State the sum of $2,000. This was not a recognition of the title in the State; it was bowing to the authority of the State and saying that if they would not summarily throw him off the property for a few days, he would either leave or pay the amount stated. It did not make him a tenant; it was not understood as acknowledging the title in the State; it was evidently given by him in the belief that the State did not have title, but that to prevent the enforcement of a judgment by execution, he would either voluntarily quit or pay a certain sum of money. This agreement cannot be tortured into a lease, for under the Constitution, article 7, section 7, the State could not lease its land within the Forest Preserve. The law will leave the parties just where they were when they made the illegal agreement. The defendant has not so recognized the title in the State that he is precluded from setting up any defense which he may have acquired since the original judgment.

As stated, the motion for execution should be treated seriously, unless the plaintiff withdraws it. Plaintiff is seeking some advantage from the order appealed from. By plaintiff's inaction for many years, a doubt has been thrown upon the judgment, and the plaintiff's delays have invited certain acts of the defendant, as he claims, acts which show that the plaintiff has no right to the property. That question should not summarily be disposed of on motion, but the defendant,

asserting a substantial right in the property acquired since the judgment, should have a trial. The plaintiff's conduct has invited such a course, and the evidence of the defendant shows that he should not be thrown off the property now by execution without a trial. He is not called upon here to establish a defense, but to raise a fair question as to whether he has one. If execution is denied, action may be brought against the defendant, using the judgment, so far as may be, as proof of title, but leaving the facts arising since its recovery for the consideration of the court and jury. I, therefore, favor a reversal of each order, with ten dollars costs.

All concur, except COCHRANE, J., dissenting.

Each order reversed, with ten dollars costs and disbursements.