JACOB H. BODINGER, Petitioner, Appellant, *v.* FRANK GARRISON, Respondent, Impleaded with CAROLINE GARRISON, His Wife, and Others, Defendants.

Second Department, April 5, 1937.

*David B. Williams*, for the appellant.

*Henry V. Stebbins*, for the respondent.

PER CURIAM. Appellant, the owner of a tax deed, brought a summary proceeding before the county judge of Rockland county pursuant to Civil Practice Act, section 1411, subdivision 5, to recover possession of the real property therein described. The county judge dismissed the proceeding.

The appellant failed to establish compliance by him with *all* the provisions of law precedent to his right to possession of the property, within the purview of the statute (*supra*). He did not establish that the time of redemption " by the former owner or

occupant " had expired.  Notice to redeem pursuant to Tax Law, section 134, was given only to the former owner and occupant, the respondent, Frank Garrison, and not to Robert Garrison, his tenant of a part of the property, and, therefore, also an occupant of the premises.  This omission vitiates the appellant's tax deed (*Matter of Rourke* v. *Metz*, 139 App. Div. 155, citing *People* v. *Ladew*, 189 N. Y. 355; *City of New York* v. *Nunez*, 101 Misc. 375); and the respondent, whose title is attempted to be taken from him, is entitled to avail himself of this omission.  (*Matter of Rourke* v. *Metz, supra*, citing *Lucas* v. *McEnerna*, 19 Hun, 14.)  Tax Law, section 134, should be liberally construed in favor of an occupant or owner.  (*West End Brewing Co.* v. *Osborne*, 227 App. Div. 340, 341; affd., 254 N. Y. 572.)

The final order should be affirmed, with costs.

Present — LAZANSKY, P. J., JOHNSTON, ADEL, TAYLOR and CLOSE, JJ.

Final order of the county judge of Rockland county unanimously affirmed, with costs.