JOSEPH NALASKOWSKI, Plaintiff, *v.* VINCENT GOLOWICZ et al., Defendants.

County Court, Herkimer County, November 14, 1946.

*Fred J. O'Donnell* for plaintiff.

*Richard B. Conley* for defendants.

PETERSON, J. This is an action in replevin in which the plaintiff seeks to recover certain articles of personal property alleged in the complaint to be his, from the defendants who claim to be the buyers of the property for valuable consideration, and who assert they are the lawful owners of the same.

The property which is the object of this action consists of the following: One bay horse seven years old, one bay horse eight years old, two sets of heavy harnesses with two collars, one McCormick-Deering hay loader, one heavy wagon and hay-

rake, one disc hiller, one land disc, one walking plow, one walking cultivator, one drill press.

At the close of the plaintiff's case, a motion was granted dismissing the complaint insofar as it related to the hayrake and striking out testimony relating to walking plow, walking cultivator and drill press. The remaining property is the subject of this decision.

The evidence established that the plaintiff had actually purchased the property, but his wife Mary Nalaskowski asserts that part of the money used in purchasing the horses belonged to her, represented proceeds from the operation of the farm owned by plaintiff and his said wife.

On November 3, 1945, the plaintiff left his wife Mary Nalaskowski on the farm owned by them in the town of Columbia, leaving her alone to take care of the horses and one cow. There were also some chickens on the farm claimed by Mrs. Nalaskowski to be hers, and of which she continued to have the care after her husband's departure from the farm. The wife appears to have received no maintenance from her husband after his departure. There was evidence that she was indeed destitute and received help from her children to sustain herself.

Sometime between Thanksgiving and Christmas, 1945, the plaintiff came to the farm and was advised by his wife that the water pump on the farm was broken and that she could no longer take care of the horses. According to the wife she also said that the horses jerked and balked and she told her husband she could not handle them. According to her story she asked her husband what he was going to do about the horses and he in turn said: " If you are not able to take care of them, go on and sell them." This the plaintiff denies.

Later Mrs. Nalaskowski sold the horses and the other articles which are the subject of this suit, to her daughter Bessie Golowicz and her husband, Vincent Golowicz, the defendants in this action, Mrs. Nalaskowski receiving $400 for all of the property. A bill of sale is in evidence showing the transfer. The money thus received, Mrs. Nalaskowski has used to maintain herself and pay feed bills.

The question before this court is whether or not there was a legal sale to the defendants. If not, replevin will lie. On the contrary, if there was a legal sale, the action will not lie.

Ordinarily a wife is not the agent of her husband by virtue of the marital relation between them. The husband may, however, make her his agent and be bound by her acts as such. (*Gates* v. *Brower*, 9 N. Y. 205.) And the husband is bound by

her acts as his agent when her agency is express, implied or ostensible. (*Kowing* v. *Manly*, 49 N. Y. 192.)

While the agency is not to be inferred from the marital relation alone, the marital relation is a circumstance which may be considered along with other facts and circumstances in determining whether this wife is the agent. (*Wanamaker* v. *Weaver*, 176 N. Y. 75.)

As in any other case the agency must be established by a preponderance of the evidence. (*Altman & Co.* v. *Rosenfeld*, 98 Misc. 236.)

This court is of the opinion that the testimony of Mrs. Nalaskowski as to her agency, is worthy of credence and that the agency has been established by a preponderance of the evidence.

Accordingly the court finds that there has been a valid sale of the chattels in question to the defendants and that the plaintiff is not entitled to recover the chattels or the value thereof in an action in replevin.

Judgment may be entered accordingly.