Arnold Becker, J.
This is a summary proceeding brought by petitioner for the recovery of real property and the payment of the rent in arrears, pursuant to article 83 of the Civil Practice Act of the State of New York.
At the trial defendant’s attorney entered a general denial. After the conclusion of plaintiff’s proof, defendant then moved for a dismissal on several grounds. Only one is considered here, that the plaintiff failed to prove all the material allegations of the petition, referring specifically to the point that there was no proof of service of the three-day notice to pay the rent in default.
Plaintiff testified that he executed the three-day notice, but that a third party served it. Piled with the petition and precept before the court is an affidavit of service duly executed and sworn to before a notary public by the process server to the effect that the said three-day notice was served on the defendant.
In a summary proceeding for nonpayment of rent the landlord must (1) allege and (2) prove that he has (a) personally *2 demanded the rent, or (b) served the statutory three days’ written notice. (Civ. Prac. Act, § 1410, subd. 2; Beach v. McGovern, 41 App. Div. 381; Fleisher v. Wolff, 91 N. Y. S. 2d 427.)
Plaintiff contends that the filing of the notice and the affidavit attached thereto satisfies the requirements of proof of service.
Defendant contends that service of the notice should have been proven by competent common-law evidence.
In the Court of Appeals case of People ex rel. Vogler v. Walsh (87 N. Y. 481, 485-486) in a trial involving a summary proceedings before Andrew Walsh, Police Justice of the City of Brooklyn, the appellant put in evidence a copy of the notice and the affidavit attached thereto, but gave no other evidence or proof of service. The high court held that this was not sufficient. “ Ex parte affidavits are evidence in judicial proceedings only as some law has declared them to be evidence, and they are not evidence of any facts stated in them unless some law makes them such. * * * This construction can ordinarily lead to no great inconvenience because the person mating the service of the notice can be called as a witness * * * if the affidavit ought to be either conclusive or prima facie evidence of service of notice, the legislature can be appealed to so to declare. ’ ’
The Court of Appeals followed this reasoning in Brookman v. Stegman (105 N. Y. 623).
As recently as January, 1950, the Appellate Term of the Supreme Court, First Department, in Runde v. Meier (95 N. Y. S. 2d 812) in a summary proceeding held that ex parte affidavits of service were not competent as evidence.
Therefore, without examining several other interesting grounds submitted by the defendant, I am of the opinion, that the motion to dismiss the petition for failure to prove a prima facie case should be granted. Defendant’s motion to dismiss is hereby granted.