SADIE SCHWARTZ, Respondent, v. BANKERS TRUST COMPANY et al., Defendants, and HERBERT LIEBERTHAL et al., Appellants.

Beldock, P. J., Christ and Munder, JJ., concur; Rabin, J., concurs in the affirmance as to defendant Herbert Lieberthal, but dissents as to defendant Marion Lieberthal and votes to reverse the order as to her and to deny plaintiff's motion for summary judgment as against her, with the following memorandum, in which Benjamin, J. concurs: The record makes clear that delivery of the notice of redemption, mailed in a single envelope, addressed to both defendants Lieberthal, was refused by defendant Herbert Lieberthal, who actually resided at the subject property, and the envelope was returned to plaintiff. The record also indicates that plaintiff's mailing was not brought to the attention of defendant Marion Lieberthal until after the commencement of the instant action and that she had not resided with her husband at the subject premises for a period of 13 years prior to the mailing. On the service of plaintiff's notice to redeem, the record thus establishes actual notice, or the equivalent, to defendant Herbert Lieberthal and no notice, actual or constructive, to defendant Marion Lieberthal until after the commencement of this action. In our opinion, the fact that defendant Herbert Lieberthal was duly served with notice to redeem did not support the conclusion, as was held by the learned Special Term, that defendant Marion Lieberthal was likewise duly served under section 1022 of the Real Property Tax Law or its predecessor, section 134 of the Tax Law. Special Term held that these statutes should be read *in pari materia* with section 5-51.0 of the Nassau County Administrative Code. However, statutes like section 1022 of the Real Property Tax Law and its predecessor, section 134 of the Tax Law, are liberally to be construed in favor of an owner or occupant and, therefore, despite their provisions that service on one joint tenant or tenant in common shall be service on all joint tenants or tenants in common, are not to be interpreted as signifying that service of a notice to redeem upon one affected party who is not a joint tenant or tenant in common necessarily binds another who likewise is not a joint tenant or tenant in common (*Bodinger* v. *Garrison*, 250 App. Div. 463). Moreover, a difference exists between a tenancy by the entirety, on the one hand, and a joint tenancy or tenancy in common consisting of husband and wife, on the other, which makes legally impossible the equating of the three estates as one and the same sort of interest in real property. A tenancy by the entirety "is the unique relationship between a husband and his wife each of whom is seized of the whole and not of any undivided portion of the estate (*per tout et non per my*)" and of which "it can be said that both and each own the entire fee" (*Matter of Reister* v. *Town Bd. of Town of Fleming*, 18 N Y 2d 92, 95). In the case of a joint tenancy ownership, each spouse would have an interest in the subject property, "as separate property"; and, in the case of a tenancy in common, each would have an undivided half interest which is held by the moiety and not by the whole as separate property (41 C. J. S., Husband and Wife, § 33, pp. 455–456). Accordingly, it is our view that in law a tenancy by the entirety is altogether different in nature from a joint tenancy or tenancy in common (even when the latter occur between spouses) and that the learned Special Term was in error in ascribing to a tenancy by the entirety the characteristics flowing from the other tenancies where, by statute, service upon one tenant is deemed

the equivalent of service upon all others in that class. Until the Legislature specifically declares that service upon one tenant by the entirety is service upon the other, we do not believe that this result should be mandated by judicial legislation. In addition, a husband is not deemed the agent of his wife by inference from the marital relationship, the rule being that no agency is to be implied between the spouses from the mere fact of their marriage (*Nalaskowski* v. *Golowicz,* 187 Misc. 725, 727; *Falk* v. *Krumm,* 39 Misc 2d 448, 449, affd. 22 A D 2d 911). Apart from the foregoing, notice to a husband is not notice to his wife, binding her separate proprietary or other status, except where the agency of the husband is established, since, "The mere relation of husband and wife cannot authorize the imputation of his knowledge to her" (41 C. J. S., Husband and Wife, § 74, p. 552; *Reynolds* v. *Snow,* 10 A D 2d 101, 110). Upon this theory, it was held that service of a final order in a dispossess proceeding for the eviction of a husband did not disentitle his wife from seeking to intervene to establish her separate right as a subtenant in possession, the court holding that, "Notice to her husband * * * is not conclusive on her rights, if any" (*McDonald* v. *Hector,* 113 N. Y. S. 2d 64, 65). Where husband and wife were described in a lease as tenants, "jointly and severally", it was held that an Office of Price Administration certificate authorizing the commencement of proceedings for the removal of the husband "did not support a proceeding to remove Ann Schottland", his wife (*Metropolitan Life Ins. Co.* v. *Schottland,* 270 App. Div. 915). By virtue of the foregoing principles, service of a notice to redeem upon defendant Herbert Lieberthal was not the equivalency of service of such notice upon defendant Marion, his wife. The latter, having a proprietary interest in the subject premises, as owner by the entirety, was entitled, with respect to service of a notice to redeem, to the benefit of observance of every requirement prescribed in the tax sale procedure defined in section 5–51.0 of the Nassau County Administrative Code (*Matter of Marks* v. *Seaman,* 16 A D 2d 829). The notice to redeem was jurisdictional process and the defendant wife was entitled, like a party defendant in a plenary suit, to be separately served with such process (27 Am. Jur., Husband and Wife, § 613; *Wiener* v. *Ravekes,* 241 App. Div. 774). Compliance with jurisdictional requirement contents of the tax procedure statute is mandatory (*Seafire, Inc.* v. *Ackerson,* 193 Misc. 965, 974, affd. 275 App. Div. 717, affd. 302 N. Y. 668). The mere similarity of subject matter contained in section 5–51.0 of the Nassau County Administrative Code and section 1022 of the Real Property Tax Law is not enough to require that the two statutes be interpreted as part of each other (*Matter of City of Brooklyn* [*L.I. Water Supply Co.*], 148 N. Y. 107, 111). Under all of the circumstances, the mere addressing of a single envelope to both spouses, which actually came to the husband's notice, but failed to reach the wife, cannot be equated as a separate and effective service upon the defendant wife. As a tenant by the entirety, perforce the due process clause, the defendant-wife was entitled to such substituted service as is reasonably calculated to give actual notice (*Milliken* v. *Meyer,* 311 U. S. 457, 463). Service at bar having failed to reach her, actually or constructively, it may not be said that her property rights were effectively abated by proper service upon her husband.