THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH H. LADEW, Appellant.

(Submitted December 9, 1907; decided December 17, 1907.)

MOTION for re-argument. (See 189 N. Y. 355.)

*Clarence W. McKay* for motion.

*Theodore H. Lord* opposed.

WILLARD BARTLETT, J. This motion is based on the misapprehension, which this court has often sought to correct, that because certain points made by counsel have not been discussed in the opinion they must have been overlooked. None of the propositions to which our attention is called on the present motion was overlooked in the consideration of the case which led to a reversal of the judgment. The principal point now urged is that we did not appreciate the effect which ought to be given to chapter 556 of the Laws of 1890, as bearing upon the correct interpretation of chapter 427 of the Laws of 1855.

Not only was this statute referred to upon the original brief in behalf of the respondent but the material portions thereof were quoted therein. In our opinion it cannot be regarded as a statute of limitations for it requires a payment by the occupant of the lands sold for taxes as a condition of the assertion of his rights. The provision at the end of the amended section that a failure to make the prescribed payment within two years after the act takes effect shall make the tax sale absolute can be no more effective in the present case than the similar provision as to the regularity of the proceedings in section 132 of chapter 908 of the Laws of 1896.

It is also argued that the court overlooked the proposition duly submitted by the respondent that the occupancy of Alva Dunning, the predecessor in occupancy of the appellant, was at the time of the recording of the tax deed of such character that service of the notice to redeem was unnecessary. Far from having overlooked this proposition we were of the opinion that it was unsound in view of the facts found by the referee in regard to the nature of the occupation of Murray

island by Dunning. The referee found that in the fall of 1869 Dunning entered into occupancy and possession of the island, erected thereon a dwelling, established there his domicile and home, cultivated the soil thereof and continued to so reside upon, occupy, cultivate and from time to time improved the premises, claiming title thereto to the exclusion of all others until he sold and conveyed the same to Charles W. Durant. This was no mere occupation by a squatter without claim of title but was amply sufficient to constitute Dunning an occupant entitled to the statutory notice to redeem. Dunning was an occupant claiming to be the owner and his possession was very different from that of one in whose behalf there was no pretense of ownership or legal interest.

The learned counsel for the respondent is apprehensive that it may be inferred from the language of the opinion that the plaintiff's title is void as to the whole township in which Murray island is situated comprising an area of some 25,000 acres; and this inference, it is said, will result in a large number of actions and long protracted litigation. There is no warrant for any such assumption in the language of the opinion. All that was decided or intended to be decided, so far as the record of the tax deeds is concerned, was that such record was ineffective as against the defendant in this action in reference to the particular land which is the subject of the litigation.

The motion for a re-argument should be denied, with ten dollars costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, VANN and HISCOCK, JJ., concur.

Motion denied.