### DININNY v. BROWN.

(Supreme Court, Appellate Division, First Department. January 19, 1912.)

1. COVENANTS (§ 127*)—ACTIONS FOR BREACH—DAMAGES—COVENANT AGAINST INCUMBRANCES.

Where a covenant against incumbrances is breached, the covenantee's damages are not limited to the amount that may have been due upon the land when he purchased it, but the covenantee is entitled to be indemnified for the amount of his loss and the amount expended by him in acquiring a superior outstanding title.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 238–242; Dec. Dig. § 127.*]

2. COVENANTS (§ 118*)—COVENANTS AGAINST INCUMBRANCES—ACTIONS FOR BREACH—EVIDENCE.

Where land sold with covenant against incumbrances was subject to a tax title, and the purchaser bought in the outstanding tax title, he is bound in an action for breach of the covenant to show that the proceedings up to and including the sale for taxes were in accordance with the law; for, while a grantee of land with a warranty of title may purchase an outstanding title or incumbrance and recover on his warranty without an actual eviction, he has the burden of proving that he submitted to paramount title.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 211–215; Dec. Dig. § 118.*]

3. COVENANTS (§ 122*)—COVENANTS AGAINST INCUMBRANCES—ACTIONS FOR BREACH—EVIDENCE.

Under Tax Law (Laws 1896, c. 908) §§ 131, 132, 158, respectively providing that, after one year from the time of sale, the State Comptroller shall execute a conveyance of any land sold by him for taxes and not redeemed, which deed shall be presumptive evidence that the sale and all proceedings prior thereto were regular, that after two years from the

date of such conveyance the presumption that every conveyance there-tofore executed by the comptroller, which for two years shall have been recorded, shall be conclusive that the sale and proceedings thereto were regular, and that the provisions with respect to deeds by the State Comptroller apply to those executed by the county treasurer, a tax deed being presumptive evidence of the regularity of the sale, one seeking to recover on a covenant against incumbrances because of an outstanding tax deed issued by the county treasurer need only prove the deed, and need not prove the various steps, in order to recover against the cove-nantor.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 224; Dec. Dig. § 122.*]

Appeal from Trial Term, New York County.

Action by Ferral C. Dininny against Henrietta L. Brown, individ-ually and as executrix of the last will and testament of William L. Brown, deceased. From a judgment for defendant, plaintiff ap-peals. Reversed and remanded.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William B. Ellison, for appellant.
Henry L. Gates, for respondent.

SCOTT, J. Plaintiff appeals from a judgment dismissing his complaint. The action is for damages for a breach of a covenant against incumbrances contained in a deed of land in Rockland coun-ty, dated November 1, 1899, made by William L. Brown (defendant's testator) and his wife to the plaintiff for an expressed consideration of $25,000.

The breach charged was:

"That at the time of making and delivery of said deed the said lands and premises were not free from all incumbrances, but, on the contrary, were subject to a tax theretofore duly assessed, charged, and levied upon said lands and premises by the board of supervisors of the said county of Rock-land and the officers thereof in the sum of $1,096.12, and which tax was then remaining due and unpaid, and was at the time of the delivery of said deed a lien and incumbrance by law upon said premises. * * * That this plaintiff was obliged to and did pay on the 28th day of February, 1908, the sum of $1,096.12 to extinguish the lien of the tax aforesaid."

These allegations were denied by the answer, although it was not disputed that plaintiff had paid to the county of Rockland the sum mentioned. The precise issue sought to be raised by defendant was, as stated by the court and now quoted with acquiescence by the de-fendant, that the taxes were not, and were not shown to be, subsist-ing valid liens upon the property at the time of the purchase. The plaintiff, after proving the deed from Brown and wife to himself, read in evidence two deeds executed by the county treasurer of the county of Rockland to the supervisors of said county one dated Sep-tember 29, 1904, and the other November 1, 1904, and both recorded in the county clerk's office on January 23, 1905. Each of these deeds conveys (along with other property) the premises conveyed by Brown and wife to plaintiff. Plaintiff also introduced in evidence a deed of grant, styled "Letters Patent," signed by the county treasurer of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

county of Rockland, and therein stated to have been executed pursuant to a resolution of the board of supervisors of the county of Rockland adopted July 11, 1907. This deed purports to grant, release, and quitclaim to plaintiff the property conveyed to him by Brown and wife for the consideration of $1,096.12, the payment of which was also proved, and not questioned. Each of the deeds from the county treasurer to the supervisors recited chapter 24 of the General Laws of 1896, relating to taxation, and quoted therefrom, and alleged default in the payment of taxes levied in one case prior to 1897, and in the other case prior to 1898, compliance with the requirements of law, sale of the premises, and a failure to redeem within the time allowed by law. Then follows words of conveyance of the property. In short, the deeds show that the property in question was sold for two years taxes levied prior to the date of plaintiff's deed from Brown and wife. The general principles governing such an action as the present are well settled.

[1] The plaintiff's damages are not limited to the amount that may have been due on the property when he purchased it, but what he may have been obliged to pay to relieve his property of the burden. A covenant against incumbrances is treated as a contract of indemnity, and, although broken as soon as made, if broken at all, nevertheless a recovery (beyond nominal damages) is confined to the actual loss sustained by the covenantee by reason of the breach. If plaintiff, when he sues, has extinguished the incumbrance, he is entitled to recover the price he has paid for it. Delavergne v. Norris, 7 Johns. 358, 5 Am. Dec. 281; McGuckin v. Milbank, 152 N. Y. 297, 46 N. E. 490. Purchase by the covenantee of an outstanding and superior title is sufficient to justify an action for damages. Tucker v. Cooney, 34 Hun, 227.

[2] And, if the outstanding title be that of a purchaser at a tax sale for nonpayment of a tax regularly assessed prior to the execution of the deed containing the covenant, the purchasers hold by a title superior to that of the person in possession at the time the tax was levied, and of all persons claiming under him. Croner v. Cowdrey, 139 N. Y. 471, 34 N. E. 1061, 36 Am. St. Rep. 716.

This brings us to a consideration of the precise question involved in this appeal. The claim of the plaintiff is that the county of Rockland acquired under the deeds of the county treasurer an absolute title, superior to his, and that, in order to clear his title, he was obliged to pay to the county the amount for which he sues. He further claims that the deeds were given for unpaid taxes regularly and legally levied upon the premises prior to the date of his purchase, that said taxes were a lien upon the property when he purchased it, and that the proceedings up to and including the sale were regularly conducted in accordance with law. All these facts plaintiff must establish in some way; for, unless the taxes were lawful liens upon the land when he purchased, the covenant was not broken, and, unless all the requisite legal steps were taken leading up to the sale, the county of Rockland acquired no title, and he took nothing by the deed from the county. The rule is that a vendee of land, with a

warranty of title, may purchase in an outstanding paramount title or incumbrance, and may recover upon his warranty without an actual eviction, but in such case he acts at his peril and assumes the burden of proving that he submitted to a good title, paramount to that of his warrantor. And, if the title bought in is, as in the present case, a title resting upon a sale for unpaid taxes, the covenantee was under the necessity prior to the passage of the general tax law of proving each successive step in detail for:

"That all proceedings prescribed by law for the assessment of land must be substantially, if not strictly, complied with, is a well-settled and familiar rule. The purchaser takes at his peril the title offered to him, and depends upon the strict right of the public officer to sell. That right rests upon a succession of steps which must have been taken to reach the result." May v. Traphagen, 139 N. Y. 478, 34 N. E. 1064.

[3] The plaintiff has not undertaken to prove these successive steps in detail, relying upon sections 131 and 132 of the tax law (chapter 908, Laws 1896), now re-enacted in the Consolidated Laws, and the deeds from the county treasurer to the county of Rockland executed pursuant thereto. The sections of the tax law above referred to, so far as applicable to the present case, read as follows:

"Sec. 131. * * * After the expiration of one year from the time of sale the Comptroller shall * * * execute in the name of the people of the state * * * a conveyance of any lands so sold by him for taxes and not redeemed, under his hand and official seal, and witnessed by the Deputy Comptroller, or State Treasurer, which shall vest in the grantee an absolute estate in fee simple, subject to all claims which the state may have thereon for taxes or other liens or incumbrances, and which shall be presumptive evidence that the sale and all proceedings prior thereto, from and including the assessment of lands sold, and that all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto. After two years from the date of such conveyance such presumption shall be conclusive. Every certificate of conveyance executed by the Comptroller under this article may be recorded in the same manner and with like effect as a conveyance of real estate properly acknowledged or proven.

"Sec. 132. Effect of former deeds. Every such conveyance heretofore executed by the Comptroller, county treasurer, or county judge and all conveyances of the same lands by his grantee or grantees therein named, which have for two years been recorded in the office of the clerk of the county in which the lands conveyed thereby are located, and all outstanding certificates of a tax sale heretofore held by the Comptroller, that shall have remained in force for two years after the last day allowed by law for redemption from such sale, shall be conclusive evidence that the sale and proceedings prior thereto, from and including the assessment of the lands, and all notices required by law to be given previous to the expiration of the time allowed for redemption, were regular and were regularly given, published and served according to the provisions of all laws directing and requiring the same or in any manner relating thereto. * * * *"

By section 158 of the same article the provisions in respect to deeds by the State Comptroller are made applicable to deeds by the county treasurer. The effect of the statute above quoted is to relieve one claiming under a deed given by the Comptroller or county treasurer under the act from proving in detail all the acts leading up to the sale. The deed itself is made presumptive evidence that all the proceedings leading up to the sale beginning with and including the as-

sessment of the tax, and the giving of all notices required by law to be given, were regular and in accordance with law. The deed itself, thus being made presumptive evidence of all that a claimant was required to prove before the passage of the act, is now sufficient proof thereof, and there is no necessity for a claimant to go further and prove in detail that which is presumptively established by the deed alone. Under the circumstances of the present case, it is apparently also conclusive evidence, for the statute, although in some respects a curative one, is also a statute of limitation. Halsted v. Silberstein, 196 N. Y. 1, 89 N. E. 443. By the mere production of the deeds from the county treasurer to the supervisors of Rockland county the plaintiff therefore offered, at least presumptive, evidence that a tax had been assessed upon the property before the date of his deed, and that for nonpayment of such taxes the property had been sold and title thereto vested in the county of Rockland. This was all he was required to prove to establish the fact that the county had acquired a superior and paramount title originating in taxes assessed upon the property before he received his deed, and which, therefore, violated the covenant against incumbrances. To justify a recovery, it was only necessary to prove that he acquired this paramount title, and the amount he had been obliged to pay therefor. This he did. It was of no importance to show the amount of the taxes originally levied, because they did not constitute the measure of damages. All that was material was to show that a tax was levied, and of this the county treasurer's deed was evidence. The only question of amount was what had been paid to free the property from the incumbrance, because that measured plaintiff's damage. It is suggested in the opinion below that the provisions of the tax law making the county treasurer's deed presumptive evidence of certain facts are applicable only to actions to which the state is a party. No reason for this distinction is given, and none suggests itself. Indeed, most of the cases in which the statute has been construed and applied have been actions in ejectment between private persons, and to which the state has not been a party. The position the plaintiff found himself in was that the county of Rockland had acquired a title to the property paramount and superior to his own. He could clear his property only by acquiring the outstanding title, and to do so was obliged to pay whatever the county demanded, for the time to redeem had long since expired. The amount he did in fact pay was very much less than the consideration he had originally paid for the property, and was probably the amount of the taxes with the legal interest, penalties, and charges added, although the evidence does not show, as we think need not have shown how the sum demanded by the county was arrived at. At all events, no question was made on the trial as to the amount paid, except the fundamental objection that no payment at all had been justified. In our opinion the plaintiff presumptively proved every fact that he was called upon to prove to establish his right to recover.

The judgment appealed from must therefore be reversed and a new trial granted, with costs to appellant to abide the event. All concur.