GEORGE N. OSTRANDER, Appellant, v. ROSE REIS, Respondent.

Real property — tax sale — invalidity of tax sale because notice thereof was never served on occupant — effect of chapter 556 of Laws of 1890.

1. Where no notice of a tax sale was ever served upon the occupant of premises sold thereat, as required by section 68 of chapter 427 of the Laws of 1855, and the deed from the comptroller was recorded without evidence of the service of notice on such occupant and neither the purchaser at the sale nor his grantee has been at

any time in possession, no title is acquired by the comptroller's deed.

2. The amendment to section 74 of the act of 1855 by chapter 556 of the Laws of 1890 did not enlarge the rights of the purchaser at the tax sale, or of a grantee; it revived no right which had been suffered to lapse, and cannot be construed as acting retrospectively to create a title, where none had been, nor could be, acquired under the statute which authorized the sale of the lands. (*People* v. *Ladew*, 190 N. Y. 543, followed.)

*Ostrander* v. *Reïs*, 142 App. Div. 18, affirmed.

(Argued October 22, 1912; decided November 19, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 23, 1911, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward M. Angell* for appellant. Plaintiff and his grantors until 1890 had title in fee simple to the premises by virtue of the tax deeds, subject to the occupant's right to redeem. (Black on Tax Titles [2d ed.], 419; *Terrell* v. *Wheeler*, 123 N. Y. 76; Blackwell on Tax Titles [4th ed.], 329; *Rice* v. *White*, 8 Ohio St. 216; *Towle* v. *Remsen*, 70 N. Y. 303; *Duryea* v. *Mayor, etc.*, 96 N. Y. 477; *Schulenberg* v. *Harriman*, 21 Wall. 44.) The effect of chapter 556 of the Laws of 1890 was to cut off the occupant's right of redemption and make plaintiff's title absolute. (*Terrell* v. *Wheeler*, 123 N. Y. 76; Black on Tax Titles, § 353; *Parmenter* v. *State*, 135 N. Y. 154; *Rexford* v. *Knight*, 11 N. Y. 308; *Meigs* v. *Roberts*, 162 N. Y. 371; *Ostrander* v. *Reis*, 142 App. Div. 18; *People* v. *Turner*, 117 N. Y. 233.)

*Charles C. Suffren* for respondent. Chapter 556 of the Laws of 1890 has no application to the case at bar. (*Wells* v. *Johnston*, 55 App. Div. 486; Cooley on Const.

Lim. [3d ed.] 359; Blackwell on Tax Titles [5th ed.] § 950.)
The service of the notice on occupants required by section
68, chapter 427, Laws of 1855, is a condition precedent to
the vesting of any title in the tax purchaser. (2 Blackwell
on Tax Titles [5th ed.], 625; *Jackson* v. *Estey*, 7 Wend.
148; *Comstock* v. *Beardsley*, 15 Wend. 348; *Huron Land
Co.* v. *Robarge*, 128 Mich. 686; *Long* v. *Wolf*, 25 Kan.
522; *Cole* v. *Lanner*, 81 Minn. 403; Black on Tax Titles
[2d ed.], § 338; *Westbrook* v. *Willey*, 47 N. Y. 457.)
Respondent cannot be divested. of her title to this real
property by an unrecorded deed from the state comp-
troller. (*Bryan* v. *McGurk*, 200 N. Y. 332; *Joslyn* v.
*Rockwell*, 128 N. Y. 339.) The failure to serve the notice
on occupants required by section 68, chapter 427, Laws of
1855, rendered the tax deeds absolutely void. (*People* v.
*Ladew*, 189 N. Y. 355; 190 N. Y. 543.)

GRAY, J. The action is in ejectment, to recover lands
in the town of Flatbush, county of Kings. The defend-
ant and her predecessors in interest have been in the con-
tinuous possession of the premises, since 1867, claiming
title thereto through conveyances. It is conceded by the
appellant that, if the title has not vested in him through
certain deeds of the comptroller of the state, it is in the
defendant. At the Trial Term, the complaint was dis-
missed upon the merits and the judgment thereupon
entered has been affirmed by the Appellate Division.
The question, which the appeal presents, arises under
certain provisions of chapter 427 of the act of 1855, pur-
suant to which certain tax sales were had. One of the
plaintiff's deeds from the comptroller of the state to him,
dated October 22d, 1895, and recorded October 28th, 1895,
purports to convey the premises upon a sale for taxes
held in the year 1866. His other deed, dated March 1st,
1895, and recorded May 4th, 1895, is from Josiah Tal-
madge; to whom a deed from the comptroller of the
state, dated August 17th, 1874, but not recorded, pur-

ported to convey the premises upon a sale for taxes held in the year 1871. Thus, upon the first tax sale in 1866, the deed by the comptroller was not made until 1895, twenty-nine years afterwards, and the deed upon the second tax sale in 1871 was never recorded by Talmadge, the grantee, prior to his conveyance to the plaintiff in 1895, twenty-one years afterwards. The trial court found that the deeds to Talmadge and to plaintiff purported to be made pursuant to the provisions of the act of 1855. It was found that no notice of either of the tax sales was ever served upon the occupants of the premises, as required by section 68 of the act; that the deed from the comptroller to the plaintiff was recorded without evidence of the service of notice on the occupant of the lands and that, at no time, was the plaintiff, or his grantor, Talmadge, in possession of the premises.

Section 68 of the act of 1855 provided that, upon a sale of land for taxes, and a conveyance thereof by the comptroller, if in the actual occupancy of any person at the expiration of the two years given for redemption, " the grantee to whom the same shall have been conveyed, or the person claiming under him, shall serve a written notice on the person occupying such land, within two years from the expiration of said time to redeem; stating in substance, the sale and conveyance, the person to whom made, and the amount of the consideration money mentioned in the conveyance, with the addition of $37\frac{1}{2}$ per cent on such amount, and the further addition of the sum paid for the deed; and stating, also, that unless such * . * * shall be paid into the treasury for the benefit of such grantee, within six months after the time of filing in the comptroller's office of the evidence of the service of the said notice, that the said conveyance will become absolute and the occupant * * * barred from all right or title thereto. And no conveyance made in pursuance of this section shall be recorded, until the expiration of such notice, and the evidence of the service of such

notice shall be recorded with such conveyance." The appellant admits that "no notice was served upon the occupant, as required by the statute;" but he contends that chapter 556 of the Laws of 1890, amending the act of 1855, operated to cut off the occupant's right of redemption and made his title absolute. Although the grantee of the comptroller, upon whom the statute laid the obligation of giving notice to the occupant, failed therein, the argument is that the act of 1890 relieved him from the effect of the failure. We think that no title was acquired under either tax sale, by the plaintiff, or by Talmadge, inasmuch as the notice to the occupant, required by the act authorizing the sale, had never been given, and that the act of 1890 was inoperative to create a title in the comptroller's grantee. The right of a purchaser at the tax sale, or of a grantee, in the event of a failure to comply with the condition of the statute, could never ripen into a title.

The act of 1890 provided that "In all cases of tax sales heretofore made by the comptroller, where the land sold was in the actual occupancy of any person at the expiration of the two years allowed for the redemption thereof, and the purchaser or the person claiming under him shall have failed to serve notice of such sale on the occupant or occupants thereof and to file evidence of such service in the comptroller's office, as provided by section 68 of this act, and the occupant or any other person shall fail to file in the comptroller's office, within one year after this act shall take effect, a written notice of such occupancy together with an application for the redemption of such lands, and to furnish the comptroller with satisfactory evidence of the occupancy required and make such redemption within two years after this act shall take effect, then, and in all such cases, the said tax sale of such land, and the conveyance thereof by the comptroller, shall become absolute, and the occupant and occupants and all other persons interested in the said lands shall be forever barred from all right and

title thereto." Whatever the effect of this amending act of 1890, its relation would be to the case of one holding a conveyance upon a tax sale; which, here, would be that of Talmadge. The act, however, was not curative of a defect, which went to the right of a grantee to acquire a good title of record. The statute of 1855 (Sec. 68) prescribed that the notice of the sale and of the conditions of redemption should be given within two years from the expiration of the two years given for redemption and prohibited any recording of the conveyance, until the expiration of such notice and the recording therewith of the evidence of service of the notice. The act of 1890 did not purport to extend the grantee's time; it gave to the occupant of the land sold an opportunity of clearing his title from the cloud of a tax sale; but it was not a Statute of Limitations. We so held in *People* v. *Ladew*, (190 N. Y. 543); where Judge WILLARD BARTLETT, speaking for the court, said that it could not be so regarded, "for it requires a payment by the occupant of the lands sold for taxes as a condition of the assertion of his rights." Further, and pertinently, to this appeal, it was there observed that "the provision at the end of the amended section, (of 1890), that a failure to make the prescribed payment within two years after the act takes effect shall make the tax sale absolute can be no more effective in the present case than the similar provision as to the regularity of the proceedings in section 132 of chapter 908 of the Laws of 1896." This latter reference is to a provision that the comptroller's conveyance, when recorded for two years, shall be conclusive evidence of regularity of sale, or proceedings prior thereto, and of all notice required to be given for redemption.

The act of 1890 did not enlarge the right of the purchaser at the tax sale, or of a grantee; it revived no right, which had been suffered to lapse, and we should entertain a grave doubt of its constitutionality, if it could be construed as acting retrospectively to create a

title, where none had been, nor could be, acquired under the statute which authorized the sale of the lands.

It has been suggested that the grantee from the comptroller, in a conveyance of land sold for non-payment of taxes, took a fee upon a condition subsequent and that the state, having created the condition, had the power to condone its breach and had done so through the act of 1890. We are unable to agree with the proposition. The estate in fee simple, "which shall vest in the grantee," under the act of 1855, is conditioned upon the prior performance of the requirement of section 68, relative to service of the written notice on the occupant. That was a step to be taken before a right to a title could be acquired and without evidence of it no conveyance might be recorded. The legislature having required the notice to be given to the occupant of the land, it could not thereafter validate proceedings, which failed to comply. It was a condition precedent, to be performed before the comptroller's deed could operate to transfer the title to the purchaser at the tax sale. The occupant of the land had the right to rely on compliance with the requirement and the loss of his legal rights was conditioned thereon. Section 68 of the act of 1855, clearly, implies that the title through a tax sale can only vest in a grantee after service of the notice and by a recording of the conveyance, as and when authorized by the statute. The provision for notice was as much for the protection of the landowner, as the notice was held to be in *Westbrook* v. *Willey*, (47 N. Y. 457, 460), which the comptroller, under the act of 1823 in reference to tax sales, was to publish as to the time for redemption. "In such cases," it was there held, "it is the settled rule that the provision must be complied with or no title passes."

But the case of *People* v. *Ladew*, (189 N. Y. 355, 359), should be conclusive as to the plaintiff's inability to maintain this action. In *People* v. *Ladew*, as here, no notice of tax sales, had pursuant to the act of 1855, was served

upon the occupant of the lands affected and the comptroller's deeds to the plaintiff were recorded without evidence of service of such notice. We held that such evidence was expressly required to be recorded with the conveyances and that, without it, the record was absolutely void. The tax deeds, it was said, were " to be regarded as though they had not been placed upon the record books at all." The case is a controlling authority; for if the plaintiff in that case could not maintain an action upon his tax deeds, as recorded, so much the less is this plaintiff in any position to maintain his action. That the taxes were illegally levied in *Ladew's* case imports no substantial distinction, which affects the principle of the decision. In the reconsideration of the case, upon a motion for reargument, (190 N. Y. 543), the act of 1890, relied upon by the appellant, was considered and the provision of the amended section, that a failure by the occupant to make the prescribed payment within two years after the act took effect should make the tax sale absolute, was held to be ineffective and inapplicable to a record which was wholly void.

I advise that the judgment appealed from should be affirmed.

HAIGHT, VANN, WERNER, CHASE and COLLIN, JJ., concur; CULLEN, Ch. J., concurs in result.

Judgment affirmed, with costs.