FLORA B. MABIE, Plaintiff, *v.* WILLIAM W. FULLER, Defendant.

Supreme Court, Madison County, August 3, 1928.

Taxation — tax title — farm sold for taxes on October 17, 1922, and tax deed delivered on October 24, 1924 — purchaser did not comply with requirements of Tax Law, § 134, as to notice of redemption — original owner failed to redeem within three years from original sale — said failure bars present claim of original owner, under Tax Law, § 137 — failure of collector to have warrant renewed or to use due diligence to collect taxes, cured by Tax Law, § 131 — tax deed was properly executed by county treasurer, under Tax Law, § 154.

The plaintiff seeks to eject the defendant from a farm, the title to which the defendant claims through a tax sale and tax deed. It appears that the farm

was sold for taxes on October 17, 1922, and that the county treasurer gave the defendant a tax sale deed on October 24, 1924. While the plaintiff was not in actual occupancy of the premises, she was an occupant within the meaning of section 134 of the Tax Law, and the defendant failed to comply with the provisions thereof in reference to the service of notice upon her or upon her tenants who were in actual occupancy. But since the plaintiff made no offer to redeem within three years after the original sale, the defendant's title became absolute at the expiration of that period, under section 137 of the Tax Law, notwithstanding defendant's failure to comply with the provisions of section 134 of the Tax Law.

The failure of the collector to have her warrant renewed, or to use due diligence to collect the taxes, does not affect the validity of the tax sale, for such omissions, if they existed, were cured by section 131 of the Tax Law, since they were not jurisdictional omissions.

The failure of the county treasurer to impress his official seal on the tax sale deed does not affect the validity of the sale, since it appears that the letters " L. S." in brackets followed his signature and that he executed the deed as county treasurer. The seal so affixed may be considered the official seal, under section 154 of the Tax Law, and in any event the defect is a highly technical one.

ACTION in ejectment.

*William A. Peckham* [*C. A. Hitchcock* of counsel], for the plaintiff.

*Oliver D. Burden,* for the defendant.

SENN, J. The plaintiff brings this action to recover from the defendant possession of a farm in the town of Sullivan known as the Bolivar farm, of which she was the life tenant under the will of Oliver Mabie, Sr., deceased.

The defendant claims to be the owner of the farm by virtue of a tax deed. He is now in possession, having entered under color of this deed at a time when the buildings were vacant and no one was in physical occupancy of the premises.

There is a long record in the case and it has been ably briefed at great length by both sides.

The facts which to me seem essential are briefly as follows:

At the time of his decease Oliver Mabie, Sr., was the owner of the farm in question. His will was probated on September 25, 1917, and recorded in Madison county clerk's office on March 11, 1919. It gave to the plaintiff, who was his daughter in law, " the use, income, interest and profits " of the Bolivar farm " for and during the term of her natural life, and her husband Oliver Mabie, Jr., is to have his support and maintenance on said farm."

Mrs. Mabie did not remain on the farm after the decease of the testator and her husband remained only a few weeks, but she controlled it more or less, working it through members of her family and others. The premises were properly assessed to her.

The taxes for the year 1922 were unpaid and a return to that effect was made to the county treasurer by the town collector on April 3, 1923. At this time the plaintiff was residing at Syracuse. The collector did not go to the farm premises to collect the tax, giving " bad roads " as the reason. At that time there was some personal property, consisting of crops, on the farm, constructively in the plaintiff's possession, out of which the taxes could probably have been collected. On October 17, 1922, the county treasurer, after due advertisement, sold the farm for the unpaid taxes and accrued expenses for the sum of $105, the defendant being the purchaser, and issued the usual tax sale certificate. On October 24, 1924 (the premises not having been redeemed after due publication of notice to redeem), the county treasurer delivered to the defendant a tax sale deed which was on May 13, 1925, recorded in the Madison county clerk's office.

On October 29, 1924, the defendant assumed to serve the notice to redeem provided by section 134* of the Tax Law by posting a copy of the same " on the house." He also claims to have written plaintiff a letter which, after some inquiry, he addressed to her at 1025 South Salina street, Syracuse, N. Y. This was not her correct address although she was then living in the city of Syracuse. The contents of the letter were not proven and it was probably not the notice provided by law. At that time the farm was being worked on shares for the plaintiff, one part by one Harlow Case and the remainder by one Henry King, neither of whom lived on the farm but both resided in the neighborhood. The notice to redeem was not served on either of them.

The buildings on the farm had been allowed to fall into general disrepair; among other things the roofs were leaky, the front porch of the dwelling had fallen down and disappeared and practically all the window lights were broken out.

Soon after his deed was recorded the defendant entered upon the premises sold, made many repairs and has ever since been in possession and control. The county treasurer's deed, at the time it was delivered, did not have the indented official seal but it was signed as and purported to be the official deed and act of said treasurer and the signature had at the right thereof the letters " L. S." in brackets. The closing recital and signature was as follows:

---

*Amended to conform to State Departments Law, by Laws of 1928, chap. 845.— [Rep.

" In witness whereof the said party of the first part has hereunto set his hand and seal the day and year first above written.

"ROBERT L. CLARK. [L.S.]

"*County Treasurer of Madison County.*"

The deed was recorded without any proof of service of notice to redeem or of non-occupancy of the premises other than the affidavit of the defendant, appended to the notice, that he had posted it on " the house."

It does not appear that the plaintiff, at any time since the tax sale, has made any effectual attempt to redeem the premises sold, either under section 137* of the Tax Law or otherwise. She did, at some time about June, 1925, through her attorney, file with the county treasurer a petition and application to redeem under said section and filed affidavits of occupancy. On advice of the county attorney, the application was denied. Thereupon application was made to the Supreme Court in plaintiff's behalf for a writ of certiorari to review the proceedings of the county treasurer in that behalf, which application was denied by the court and on appeal to the Appellate Division the order denying the writ was affirmed. (214 App. Div. 841.)

The denial of the writ was apparently on the ground that Fuller had not been made a party, but the plaintiff has never instituted any other proceedings in that regard. In that proceeding, as well as upon the trial of this action, the county treasurer denied that any money was ever tendered him. Although plaintiff's attorney, Mr. Peckham, claims to have made a tender of the amount due, including what the defendant purchaser had paid and all subsequent taxes, it does not appear from his testimony that he ever tendered any definite amount to the county treasurer, or that on the refusal of the latter to accept that or any sum in redemption, he did anything to keep his tender good. At any rate, there has been no redemption of the lands in question.

The plaintiff was clearly an occupant within the meaning of the section. (Tax Law, § 134.) She had lawfully entered upon the premises and was in possession to the exclusion of every other person and was actually lawfully using the same; although not residing in the tax district. It was clearly the defendant's duty to serve the prescribed notice on her, which he could have done by personal service or by leaving at her dwelling house with a person of suitable age and discretion belonging to her family, or by personal service upon either King or Case who were doubtless tenants

---

* Amended to conform to State Departments Law, by Laws of 1928, chap. 845.— [REP.

within the meaning of the statute, or he could have served by mail as notices of protest are served.

None of these things were done. In legal effect, it is the same as though he had done nothing under section 134 of the Tax Law. Under its provisions he had no right to have his deed recorded. It was probably recorded on the theory that his affidavit of posting was in effect an affidavit of no occupancy, but it hardly amounted to that.

If proper notice had been given, plaintiff's right to redeem would have been limited to six months from the time of such notice. If given at the earliest possible time, it would have allowed eighteen months from the original sale in which to redeem. If withheld to the longest allowable time, it would have given two years and six months' time to redeem. No notice having been served on the occupant, she had, under section 137 of the Tax Law, three years' time from the original sale in which to redeem. She has not done this. The section above referred to ends with this sentence:

" In case of failure to redeem within the time herein specified, the sale and conveyance thereof shall become absolute and the occupant and all other persons barred forever."

Plaintiff's time to redeem having under every prescribed legal contingency expired, the question is whether, notwithstanding the failure to give the notice required by section 134, the defendant has now acquired good title as against the plaintiff.

Reading the two sections (Tax Law, §§ 134, 137) together and segregated from all else, there would seem to be but one answer and that in the affirmative. The sentence quoted either means that or it means nothing. If that is not its legal effect, it is without any validity and a legislative nullity. That it was not intended to be such is shown by the fact that it has appeared in the statutes in this form ever since the revision of 1896 and until the present year when it was re-enacted in every essential particular, the only change being that redemption is to be made to and the proofs taken by the Department of Taxation and Finance. (Laws of 1928, chap. 845.) Whatever doubt there may be arises under the dictum of *Ostrander* v. *Reis* (206 N. Y. 448) and *People* v. *Ladew* (189 id. 355; reargument denied, 190 id. 543), and the dictum only, for the facts are essentially different from the case at bar.

*Ostrander* v. *Reis* (*supra*) was an action in ejectment wherein Ostrander sought to recover premises purchased by him at a tax sale held in the year 1866, but the tax deed by the Comptroller was not given until October, 1895, and was recorded the same month. No notice had been served on the occupants as required by section 68 of chapter 427 of the Laws of 1855, the essential requirements of which were the same as those of section 134 of the present Tax Law.

Chapter 556 of the Laws of 1890 provided that if the purchaser at the tax sale shall have failed to serve the notice of sale on the occupant as required by section 68 of the Laws of 1855 and the occupant failed to file in the Comptroller's office within one year after "this act shall take effect," the prescribed application for redemption, and failed to redeem within two years after the act took effect, the sale and conveyance should become absolute and the occupants and all other persons forever barred from all right and title to the lands. · It was held, that the act of 1890 was not curative of a defect which went to the right of a grantee to acquire a good title of record. The court said: "The Legislature having required the notice to be given to the occupant of the land, it could not *thereafter* validate proceedings which failed to comply." (Italics are mine.)

In both the *Ostrander* case and the *Ladew* case the court held that a failure to give the notice required under the act of 1855 and the recording of the tax sale deed without evidence of the service of such notice, rendered the deed and its record absolutely void. That being void and of no effect it could not be revived by an act such as that of 1890, which, if construed as acting retroactively, would be of doubtful constitutionality.

It is noted that in neither of the two opinions cited is there any reference to section 137, which was a part of the Tax Law when the cases were decided. The court evidently did not think that any question involving the construction or interpretation or legal effect of that section was involved. Both were cases where the tax sale took place while section 68 of the Tax Law of 1855 was in force and before the enactment of any attempted curative or modifying statute such as the act of 1890 or the present section 137. The rights in the *Ostrander* and *Ladew* cases had accrued long before the act of 1890, that is, had accrued under section 68 of the old Tax Law, which section then stood alone in that respect, and under it the deeds, on account of the failure to give the proper notice, were already void when the act of 1890 was passed. That being so, the original owners had a title unaffected by the tax sale of which they could not subsequently be divested by any act of the Legislature.

Unlike the act of 1890, section 137 of the present Tax Law does not attempt to resurrect any defunct or already void alleged title, but by acting and taking effect simultaneously with section 134 it, in conjunction with that section, limits and prescribes the rights and disabilities of all parties involved in the transaction, that is, as to tax sales and subsequent proceedings which took place while both sections were already in force.

In this light, section 137 is not retroactive or of doubtful con-

stitutionality, as the court suggested in *Ostrander* v. *Reis* (*supra*) in regard to the act of 1890.

There is nothing harsh or unreasonable in this law. Even though the purchaser does fail to give the proper notice, the occupant is given a reasonable time in which to redeem. In most cases the occupant in default of paying taxes would probably, in the very nature of things, know that such a sale is impending.

Some other questions have been raised, such as the failure of the collector to have her warrant renewed, or to use due diligence to collect the tax. I do not think that they have any bearing on the validity of the sale and that such omissions, if they were such, are cured by the provisions of section 131* of the Tax Law. That would of course not be true if the errors of omission complained of were jurisdictional.

The question is seriously raised that the omission by the county treasurer to impress his official seal renders the deed void. Section 154 provides that " every such conveyance shall be executed by the treasurer of the county, under his hand and seal, and may be recorded in the same manner and with like effect as a conveyance of real estate properly acknowledged or proven."

The omission to impress the indented seal was an inadvertence. It did not deprive any one of any substantial right. It is a legislative dictum that it shall be affixed, otherwise its omission would be of no importance. All rights could be safeguarded as well without it. The seal that was used purported to be the official seal and the deed was in fact the official act of the treasurer. Afterward he did impress the official seal. This was not quite regular, but it was only supplying that which was originally intended to be done. I believe that the deed was executed in substantial compliance with the law. The point taken is very technical and I feel that the case should not turn on a matter of such extreme nicety.

The plaintiff having failed to redeem as provided in section 137 of the Tax Law, I feel that I must hold that she and all persons other than the defendant are forever barred from asserting any title or right of possession of the premises in question.

The complaint must be dismissed, with costs. Findings and judgment to that effect may be submitted.

---

* Amended to conform to State Departments Law, by Laws of 1928, chap. 845.—[REP.