EDGAR B. MABIE et al., Respondents, *v.* WILLIAM W. FULLER, Appellant.

(Argued November 19, 1930; decided January 6, 1931.)

*Oliver D. Burden* and *Herman V. S. Groesbeck* for appellant. The plaintiff has mistaken her remedy which is bestowed by section 137 of the Tax Law, and she is

now barred from any relief. (*People* v. *Schmer*, 206 N. Y. 45; *Ostrander* v. *Reis*, 206 N. Y. 448; *People* v. *Ladew*, 190 N. Y. 543; 189 N. Y. 355; *Sheldon* v. *Russell*, 91 Misc. Rep. 278; *Hennepin Improvement Co.* v. *Schuster*, 66 Misc. Rep. 634; *Baer* v. *McCullough*, 176 N. Y. 97; *People* v. *Turner*, 117 N. Y. 227.) The tax deed was valid and defeats any title of the plaintiff. (Tax Law, §§ 131, 137, 158.)

*Donald M. Mawhinney* for respondent. Defendant's tax deed is invalid because no notice was ever served upon the owner of the premises or upon the occupants. (Tax Law, § 134; *People* v. *Ladew*, 237 N. Y. 413; *Russell* v. *Doty*, 234 N. Y. 559; *Cary* v. *Given*, 144 App. Div. 221; *Trenton Trust Co.* v. *Hudson Mechanical Rubber Co.*, 212 App. Div. 375; *Dunkum* v. *Macock Building Corp.*, 227 App. Div. 230.)

HUBBS, J. This is an action in ejectment brought by the record owner of a life estate in a farm to regain possession thereof. The answer alleges that the defendant is the owner thereof and entitled to possession by virtue of a tax deed.

The taxes on the farm for the year 1922 were regularly assessed. They were not paid and were so returned to the County Treasurer in April, 1923. On October 17th, 1923, the County Treasurer duly sold the farm for the unpaid taxes, and on October 24th, 1924, delivered a deed thereof to the defendant who recorded it in May, 1925, without recording therewith proof of the service of a notice to redeem, as required by section 134 of the Tax Law (Laws of 1909, ch. 62; Cons. Laws, ch. 60). During all of the time in question the farm was occupied by tenants of the appellant and in possession of an " occupant " within the meaning of said section 134.

The position of the plaintiff-respondent is that the defendant-appellant did not acquire a valid title to the

premises by virtue of the tax sale and the deed executed and delivered by the County Treasurer because he failed to serve upon the occupant a notice to redeem, as required by said section 134. The appellant insists that his title has become absolute, within the meaning of section 137 of the Tax Law, without serving upon the occupant a notice to redeem, as more than three years had expired after the last day of the tax sale before the trial of the action and the respondent had failed to pay the taxes and expenses and redeem the premises from the tax sale.

The question for determination is whether the title of a purchaser of premises at a tax sale, who has failed to serve a notice to redeem upon the occupant, becomes absolute upon the expiration of three years " after the last day of the sale " (Tax Law, § 127) so that the record owner is barred from recovering possession of the premises so sold.

The proceedings for the assessment and collection of the tax and for advertisement and sale of the premises were conducted substantially in accordance with the provisions of the Tax Law. All proceedings up to and including the delivery of the tax deed to the appellant were valid. The delivery to and possession of the deed by the appellant did not, however, make his title absolute and conclusive. The owner still had a right to redeem the premises by paying the taxes, with certain penalties and expenses added, as provided in sections 127, 134 and 137 of the Tax Law, and the appellant, the grantee named in the deed, had a right to limit the time within which the owner could redeem by serving a notice to redeem upon the occupant as provided in section 134.

The right of a purchaser of land at a tax sale to acquire a valid title thereto is a statutory right, in derogation of the common law. The proceeding deprives the record owner of his title and vests it in another and the statute must be substantially complied with in order to constitute

a valid transfer of title. (*Clason* v. *Baldwin*, 152 N. Y. 204.) The owner's right to redeem also depends upon the statute and if he seeks to redeem he must proceed in accordance with the provisions of the statute giving him the right. (*People ex rel. Quaranto* v. *Moynahan*, 148 App. Div. 744; affd., 205 N. Y. 590.)

Prior to the enactment of chapter 711, section 17, of the Laws of 1893, it was clearly settled under the statutes in force that the right of an owner or occupant of land which was occupied at the expiration of two years after the last day of the tax sale to redeem the land from a tax sale could not be cut off unless a notice to redeem was served upon the occupant as required by statute. (Laws of 1855, ch. 427, §§ 50 and 68; *Ostrander* v. *Reis*, 206 N. Y. 448; *People* v. *Ladew*, 189 N. Y. 355; 190 N. Y. 543.)

The statute under which those cases were decided (Laws of 1855, ch. 427), which was a codification of the tax laws of the State, provided, by section 50 thereof, that the owner or occupant of lands sold for taxes might redeem at any time within two years from the last day of the sale. Section 68 provided that where the land sold for taxes was in the actual occupation of any person at the expiration of the two years given for redemption the grantee in a tax deed or the person claiming under him should serve a written notice on the person so occupying the land to the effect that the tax deed would become absolute unless the occupant or owner should redeem the said land within six months after the filing in the office of the Comptroller evidence of the serving of such notice. Under the statute the owner or occupant could redeem at any time within two years without the service of a notice to redeem from the grantee named in the tax deed. If at the expiration of two years from the last day of the sale, the land was occupied the grantee was required within two years from that time (the expiration of two years from the last day of the sale) to serve a written

notice on the occupant to redeem. The occupant had six months " after the time of filing in the Comptroller's office of the evidence of the service of the said notice " within which to redeem. If he did not redeem within that time the grantee's title became absolute. If the land was so occupied at the expiration of two years from the last day of the sale, and the grantee failed to serve a notice to redeem his title did not ·become absolute and the owner of the premises could establish his title and right to possession in an appropriate action. If at the expiration of two years from the last day of the sale the land was not occupied the title of the grantee in the tax deed became absolute without the service by the grantee of any notice to redeem.

The state of the law as expressed in the statute and construed in judicial opinions resulted in chaotic conditions in relation to tax titles. The grantee in every tax deed was obliged to determine for himself whether the land described in his deed was occupied within the meaning of the statutory definition. The question often presented intricate and difficult questions the solution of which depended upon the situation of the premises and the facts and circumstances surrounding each case. If the grantee failed to serve a notice to redeem and the courts later decided that the premises were occupied at the time the notice should have been served, his tax deed became worthless. If he served upon the wrong person or failed to serve a legal notice the same effect followed. Often the owner would not assert his right to the premises for years after the tax deed was delivered. The effect was to cast suspicion on all tax titles and lead to protracted litigation. The case of *People* v. *Ladew*, which was three times before this court (189 N. Y. 355; 190 N. Y. 543; 237 N. Y. 413) forcibly illustrates the conditions then existing.

Prior to the year 1893, in all cases where the land was occupied at the expiration of the occupant's or owner's time to redeem without notice, it was necessary for the

grantee in a tax deed to serve a notice to redeem before his title became absolute. Where the land was so occupied the statute provided only that one method under which the grantee's tax deed could become absolute.

Various statutes were enacted by the Legislature for the purpose of perfecting titles in cases where the grantees in tax deeds had failed to serve a notice to redeem upon the occupant as required by statute. This court decided that the service of the notice to redeem upon the occupant " was a condition precedent, to be performed before the comptroller's deed could operate to transfer the title to the purchaser at the tax sale" (*Ostrander* v. *Reis, supra,* at p. 454), and that the recording of the tax deed without recording with it evidence of the service of notice to redeem as required by section 68, chapter 427, Laws of 1855, was ineffectual, that the recording of such deed was absolutely void, and that the Legislature could not by statute make a conveyance absolute where a notice to redeem had not been served upon the occupant. (*People* v. *Ladew, supra; Ostrander* v. *Reis, supra.*)

With knowledge of the state of the law, and the then existing conditions, the Legislature enacted chapter 711 of the Laws of 1893. Section 17 thereof contained a new provision to the effect that the occupant of land sold for taxes might redeem the same within three years from the last day of the sale and " not thereafter " and " In case of failure to redeem within the time herein specified, the sale and conveyance thereof shall become absolute and the occupant and all other persons barred forever."

So far as material to the case at bar that section has been embodied in section 137 of the Tax Law. That section provides a second method by which a grantee's deed at a tax sale may become absolute. The first method is contained in section 134 which continues the principle embodied in sections 68 and 69 of chapter 427 of the Laws of 1855 with certain immaterial modifications and amendments and requires the service of a written notice to

redeem upon any person in the actual occupancy of the land sold at the expiration of one year given for the redemption thereof by section 127. The notice is to be served by the grantee or a person claiming under him and must be served within one year from the expiration of the year given for redemption by section 127, that is, within two years of the last day of the sale. If the sums specified in the notice are not paid into the State treasury within six months after the time of filing the evidence of the service of the written notice, the conveyance to the grantee in the tax deed becomes absolute. Under section 134 if notice to redeem is served on the first day permitted, and the land is not redeemed, the grantee's deed becomes absolute in one year six months and a day after the last day of the sale.

The second method by which the grantee's deed may become absolute is contained in section 137. Under that section, if the grantee fails to serve a notice to redeem, such occupant or owner has three years within which to redeem " and not thereafter." It is further provided: " In case of failure to redeem within the time herein specified, the sale and conveyance thereof shall become absolute and the occupant and all other persons barred forever." If for any reason a grantee wishes to record his deed at the earliest possible moment, or if he desires to have his title become absolute as soon as possible after receiving his deed, he may proceed under section 134 and, at the expiration of the year given to the occupant to redeem by section 127, serve notice to redeem. He may then upon filing the evidence of the service of such notice in the County Treasurer's office at the expiration of six months after the service thereof record the deed. If he serves the notice to redeem at the earliest possible moment, he can limit the occupant's time to redeem to one year, six months and a day after the last day of the sale.

If, however, the grantee fails for any reason to serve the notice to redeem, he cannot legally record his deed

until after three years from the last day of the sale and not then unless the occupant, owner or person interested has failed to redeem within that time. If a notice to redeem is served upon the occupant under section 134, the occupant or owner must redeem if at all within six months after the service of such notice. If no notice to redeem is served the occupant or owner has three years from the last day of the sale within which to redeem. If the land is not redeemed within that time the statute makes the grantee's title absolute.

The provision embodied in the Tax Law for the first time by chapter 711, section 17, Laws of 1893, and carried into section 137, creates an absolute bar to the occupant's right to redeem, and makes the grantee's title absolute at the expiration of three years from the last day of the sale without the service by the grantee of any notice to redeem upon the occupant. Unless the section was enacted for the purpose stated it is utterly useless and serves no purpose whatever. We must assume that the Legislature in enacting the section intended that it should effect some change in the existing law and accomplish some useful purpose.

There is nothing unreasonable or harsh about that result. The statute provides that all land is subject to taxation except as expressly exempted by statute. (Tax Law, § 3.)

Everyone is presumed to know the Tax Law and to know that his land is being assessed and can be sold for non-payment of taxes and it is the duty of a landowner to see to it that the taxes upon his land are paid within the statutory time. If he fails for any reason the law still gives him in the case of occupied land three years from the last day of the sale within which to redeem. That is a reasonable time and if he fails to redeem within that time public policy requires that the grantee's title become absolute.

The County Treasurer under section 158 is required to

perform the same functions as are required of the State Comptroller and the Department of Taxation and Finance under article 6 which includes sections 134 and 137. (*Cone* v. *Lauer*, 131 App. Div. 193, 198; *Dinniny* v. *Brown*, 148 App. Div. 671.) The fact that the deed from the County Treasurer was recorded in violation of section 134 does not affect its validity as a deed.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.