Appeal (1) from orders of Special Term of the Westchester County *978 Court, dated December 21, 1945 and May 14, 1946, respectively, which granted motions by the plaintiff made under rule 113 o£ the Rules of Civil Practice, striking out the answer of the defendant, for other relief, and for summary judgment, and (2) from the judgment entered pursuant to said orders. Orders and judgment, insofar as appealed from, reversed on the law, with $10 costs and disbursements, the motions for summary judgment denied, without costs, and the action dismissed on the law, with $10 costs and disbursements.' This action in rem, provided by title 3 of article YII-A of the Tax Law, providing that “Whenever it shall appear that a tax district owns a tax lien which has been due and unpaid for a period of at least four years from the date on which the tax, assessment or other legal charges represented thereby became a lien, such tax lien shall be summarily foreclosed by the tax district is commenced by the filing of a list of delinquent taxes and by publishing a notice of foreclosure. (Tax Law, §§ 165, 165-a, 165-b.) Any person having any right, title or interest in or lien upon any parcel described in such list of delinquent taxes may redeem such parcel before the expiration of the redemption period mentioned in the notice of foreclosure, or may serve an answer within twenty days thereafter. The statute provides that the redemption period shall continue for at least seven weeks after the first publication. (Tax Law, § 165-b.) By the notice of foreclosure in this action, the period of redemption expired less than seven weeks after the first publication of the notice. The action is purely statutory and in derogation of the common law. The judgment divests the record owner and others having an interest therein of the property affected by the foreclosure. The provisions of the statute as to notice of the right to redemption are for the benefit of the owners and those having an interest in the property, to give them a final opportunity to protect their interests, and must be substantially, if not strictly, complied with. (Bunkum v. Maceek Building Corp., 256 N. Y. 275, 284; Mabie V. Fuller, 255 N. Y. 194; Clason V. Baldwin, 152 N. Y. 204.) Since the statute provides for a redemption period of at least seven weeks, the notice which provides for a period of redemption of less than that time is not sufficient compliance with the legislative mandate. The statutory defect is not saved by the provisions of section 165-g 'of the Tax Law. That section, under the heading “ Presumption of validity ”, refers to the underlying tax lien and the acquisition of it by the plaintiff. The defense, therefore, was sufficiently pleaded. Lewis, P. J., Hagarty, Carswell, Adel and Nolan, JJ., concur.