Bookstein, J.
The complaint alleges three causes of action. Each cause of action is identical except for those paragraphs in each, which assert a different failure to comply with the Tax Law as giving rise to each so-called cause of action. Thus paragraph eighteenth asserts invalidity by reason of overvaluation; paragraph thirty-first asserts invalidity by reason of failure to post notices as required by the Tax Law and paragraph forty-third asserts invalidity by reason of sufficiency of plaintiff’s personal property.
There is here, therefore, but one cause of action, based on three separate alleged failures of compliance with the provisions of the Tax Law.
We shall consider first the so-called first cause of action which, in reality, means considering whether the allegations contained in paragraph ‘ Eighteenth ’ ’ of the complaint is the basis of a cause of action. That allegation asserts invalidity by reason of the claim that the property was not assessed at full value thereof as required by section 8 of the Tax Law. That allegation overlooks the provisions of section 50 et seg. of article 3 of the Tax Law. Moreover, and in any event, the *641 remedy for either undervaluation or overvaluation is by certiorari and the matter of valuation cannot be made the basis of a collateral attack. (Cf. Ramot Realty Corp. v. Manetto Holding Corp., 258 App. Div. 223.)
The motion, under rule 106 of the Buies of Civil Practice, to dismiss the first cause of action for failure to state facts sufficient to constitute a cause of action, must be granted.
The gravamen of the so-called third cause of action is found in paragraph “ Forty-Third ” of the complaint, which alleges, in substance, that the taxes and sale were void for the reason that plaintiff was possessed of sufficient personal property upon which the collector of taxes might have levied for the payment of the taxes for the year 1949.
This allegation is doubtless based on the provisions of section 71 of the Tax Law.
By paragraph thirty-second of the complaint, paragraphs ‘ ‘ Fifth ’ ’ and ‘1 Sixth ’ ’ thereof are incorporated therein. Paragraph “ Fifth ” alleges that plaintiff went into possession of the premises in question under an agreement to purchase same, approximately twenty years prior to the commencement of this action and by paragraph “ Sixth ” he alleges that he became the fee owner of the premises in question by deed dated July 9, 1952.
Section 71 of the Tax Law permits a tax collector to call at least once on a person taxed upon the tax roll, if he is an inhabitant of the tax district, and demand payment of the taxes charged to him on his property, after the expiration of the notice period of thirty days, provided for in section 69 of the Tax Law and authorizing him to levy upon and sell personal property of the person assessed to satisfy the tax lien. There is no allegation that the 1949 taxes were assessed against plaintiff. Hence, there is no basis for any claim of failure to comply with section 71 of the Tax Law predicated on an assertion of a failure to call on plaintiff who became the owner in 1952, for collection of the 1949 tax; or for failure to levy on the personal property of this plaintiff in order to collect the 1949 tax by a sale of the personal property of plaintiff.
In any event, section 71 is permissive and not mandatory.
Moreover, as appears from paragraph thirty-fifth of the complaint, the collector made the return required by section 82 of the Tax Law. There is no allegation challenging the sufficiency of the return as a compliance with the statute and, indeed, paragraph “ Thirty-Fifth ” would indicate that it was sufficient. (Cf. Smith v. Russell, 172 App. Div. 793, 799.) The return was one required to be filed by a public officer and having been filed, *642 it has the benefit of the presumption of correctness and truth.
In any event, a failure to comply with the permissive provisions of section 71 does not affect the validity of the tax sale.
Hence, the third cause of action must also be dismissed for insufficiency.
The second cause of action presents a more serious problem. The gravamen of that action is found in paragraph “ Thirty-First ” of the complaint, which alleges that the tax and the sale thereunder were void by reason of a failure to comply with the provisions of section 69 of the Tax Law which required' the posting in five conspicuous places of notice that the collector had received the tax and assessment roll and warrant and designating the time and place where the collector would receive payment of taxes.
Section 69 of the Tax Law is mandatory and not merely directory. (Cf. Seafire Inc. v. Ackerson, 193 Misc. 965, affd. 275 App. Div. 717, affd. 302 N. Y. 668.)
The latter case was decided under the Suffolk County Tax Act and, particularly section 22 thereof requiring publication and posting of notice of the receipt of the tax and assessment rolls and a notice of the place where the taxes might be paid.
Section 137 of the Tax Law provides that in case of a failure to redeem within the time specified in that section, the sale and conveyance thereof shall become absolute and the occupant and all other persons barred forever.
The parties have not called my attention to any similar provision in the Suffolk County Tax Act. However, in the Seafire Inc. case (supra) it appears by chapter 639 of the Laws of 1948, effective March 30, 1948, there was enacted section 45-c of the Suffolk County Tax Act which provided that sales of real estate for unpaid taxes held in October, 1941, shall be validated “ insofar as there may have been any failure whatsoever to comply with all or any of the provisions of section twenty-two of the Suffolk county tax act as amended”. In that case it was argued that the validating statute had no application since plaintiff’s title to the property had already vested before the statute became effective. Whether the determination of the Court of Appeals would have been otherwise, if the validating statute had been applicable, this court cannot say.
The fact is, however, that section 137 of the Tax Law was in effect at the time of the sale involved in this action.
Defendant argues that the failure to post notices is cured by the provisions of section 137 of the Tax Law and cites Mabie v. Fuller (132 Misc. 632) in support of that contention. That case was reversed on other grounds in 229 App. Div. 7 there *643 after the Court of Appeals in 255 N. Y. 194 reversed the Appellate Division and affirmed the Trial Term, which had held the sale valid and the time to redeem had expired. There the owner sought to assert the validity of the tax deed because the tax sale purchaser failed to serve the notice permitted by section 134 of the Tax Law. The notice provided for in that section 134 of the Tax Law was not mandatory but permissive. It served the purpose of shortening the time within which to redeem. The time to redeem would expire in any event without the notice provided for in section 134 of the Tax Law, under the provision of section 137 of the Tax Law, albeit the time to redeem would be longer than if a notice were served under section 134. Thus the notice provided for in section 134 is neither mandatory nor jurisdictional.
The posting of notice required by section 69 of the Tax Law is both mandatory and jurisdictional.
Here, therefore, we are confronted with allegations of a failure to comply with mandatory provisions of the statute which go to the very essence of jurisdiction.
In Olds v. City of Jamestown (280 N. Y. 281) it was held that statutes which limit the time for redemption after tax sales are not applicable where the tax sale is void. If a jurisdictional step were omitted, as is alleged in the second cause of action, then the sale was void and the time to redeem has not been limited by section 137 of the Tax Law.
Hence, the motion to dismiss the second cause of action must be denied.
This brings us then to a consideration of the motion to strike paragraphs sixteen, twenty-nine and forty-two of the complaint, under rule 103 of the Rules of Civil Practice. In view of the dismissal of the first and third causes of action, the motion becomes academic as to paragraphs sixteen and forty-two.
As to paragraph twenty-nine, . the allegation is clearly improper and forms no part of plaintiff’s cause of action. Obviously, it would tend to prejudice and embarrass a fair trial. The motion to strike that allegation is granted.