ARTHUR WERKING, Appellant, v. AMITY ESTATES, INC., et al., Respondents. BOARD OF SUPERVISORS OF GREENE COUNTY, Respondent.— Appeal by plaintiff from a judgment of the Supreme Court, entered in Greene County on the 16th day of May, 1955, dismissing plaintiff's complaint and determining that valid title to certain real estate was in defendant, Amity Estates, Inc. Plaintiff brought this action to declare invalid and void a certain tax deed from the County Treasurer of Greene County to defendant Amity Estates, Inc., and to cancel the deed of record because of the failure of the tax collector to post proper notices under section 69 of the Tax Law. Plaintiff's asserted title to the premises in question is by virtue of a deed to him dated July 9, 1952. Defendant Amity Estates, Inc., purchased the property at tax sale on April 23, 1951, for nonpayment of 1949 taxes. It thereafter received a tax deed from the County Treasurer dated August 5, 1952, and a certificate of nonredemption dated April 26, 1954, both of which were recorded in the Greene County Clerk's office on April 30, 1954. The Official Referee has found as a fact that: "plaintiff has failed in his burden of proof in establishing the invalidity of said taxes." The evidence sustains the finding. Moreover, more than three years elapsed since the date of the tax sale prior to the commencement of this action without redemption, the time for redemption expired and the title of the purchaser at tax sale became absolute and the regularity of procedure preliminary to the sale conclusively presumed. (Tax Law, § 137; *Mabie* v. *Fuller*, 255 N. Y. 194; *Elar Development Co.* v. *County of Sullivan*, 279 App. Div. 949.) Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.